## The People on the relation of Thomas P. Roche v. The Judge of the Branch Circuit Court.

*Stipulation: Conditions.* A stipulation between the parties, that a judgment should be set aside without costs, upon the reversal on writ of error of another judgment, upon certain conditions specified, has no binding force without compliance with the conditions.

*Judgment: Order: Stipulation: Mandamus.* An order setting aside such judgment, which purports to be based wholly upon such stipulation, and furnishes a strong inference that, but for the stipulation, it would not have been made, cannot be sustained as an exercise of discretion; and *mandamus* will lie to vacate it.

*Heard January 7.     Decided January 14.*

Application for *mandamus*.

*John B. Shipman*, for relator.

*H. H. Riley*, for respondent.

CHRISTIANCY, CH. J.

This is an application for a *mandamus*, to direct the judge of the circuit court for the county of Branch, to vacate an order setting aside a judgment in favor of the relator against The Bronson Agricultural and Breeders' Association.

Previous to the rendition of this judgment, one Ramsdell had recovered . a judgment in the same court, against the same association, which had been removed to the supreme court by writ of error, which was then pending in this court. It seems to have been supposed that both cases involved the same questions. And upon the same day of the rendition of the relator's judgment in the circuit court (but whether as a condition upon which it was rendered, we are not, except inferentially, informed, and it is not important), a stipulation was entered into between the parties, by their respective attorneys, that all the proceedings in the cause after judgment, should be stayed until the decision of the supreme court should be made in the cause in which said Ramsdell was defendant in error, and that if the judgment in said Ramsdell cause should be reversed, then the judgment in this cause (in which the relator was plaintiff) should be set aside, without costs to either party. But this stipulation was upon the following condition, expressed upon its face, viz.: " Provided a bond shall be filed in the said cause of Ramsdell against the above named defendants, under *Compiled Laws*, § *5333*, to stay the judgment therein, and the judgment in this cause shall also be included therein."

The bond to stay the judgment in the Ramsdell cause was given; but it did not apply, nor in any manner refer, to the judgment in the relator's cause; nor was any bond given in or having reference to this cause. There was,

therefore, no compliance with the condition of the stipulation.

This failure to comply with the condition upon which the stipulation was made, left the judgment in favor of the relator in the same condition as if the stipulation had never been made.    That judgment was absolute, and could only be set aside, or reversed, for the same reasons as if there had never been a stipulation in the case; and it was competent to enforce it in the same manner.

But, after the reversal by the supreme court of the judgment in the Ramsdell case, and after the relator had taken proceedings for the appointment of a receiver in a garnishee proceeding, ancillary to the principal case, the association,—the defendants in the Roche judgment,—more than a year after the rendition of the judgment, moved the circuit court to set it aside.

This motion was based upon, and referred generally to, the files in this cause, as well as those in the Ramsdell cause; and, upon the hearing of the motion, two affidavits were presented, showing that the demand of the plaintiff, Roche, upon which his judgment was rendered, consisted of paper, given for the like illegal consideration as that which had been held void by the supreme court in the Ramsdell case.

The circuit court granted the motion by causing the entry of the following order: "A motion having heretofore been made on the part of the defendant, for an order setting aside and vacating the judgment heretofore entered in this cause, pursuant to the provisions of a stipulation of the parties in said cause, and it appearing to the court that the judgment in the case of Ira L. Ramsdell against the said defendant, heretofore rendered in this court, has been reversed in the supreme court of the state of Michigan,

and a copy of the record of said judgment of reversal, duly authenticated, duly filed with the clerk of this court, as provided in said stipulation; and after hearing counsel on both sides, on motion of Flanders & Dunning, of counsel for said defendant, ordered that the judgment in this cause be, and the same hereby is, set aside, and vacated, and altogether held for naught; and that all proceedings had in said cause subsequent to the entry of said judgment be, and the same are hereby, also, set aside, vacated, and held for naught."

It is clear, from this order, that it was understood, and intended, to be based wholly upon the stipulation; and without the stipulation, there is no room for any inference that the order would have been made. In fact, the order furnishes a strong inference that, but for this, it would not have been made.

But this stipulation, as we have seen, could furnish no ground for such an order, being void as to the relator from non-compliance with the condition.

Granting therefore, for the purposes of this case, that the circuit judge might, in his discretion, have set aside the judgment upon some other ground, when facts were shown of such a character as to call for, or authorize, the exercise of such discretion, and that this court could not control its exercise, it is, we think, quite clear, that the circuit judge in the present case, did not exercise, or attempt to exercise, any such discretion, but proceeded wholly upon what he conceived to be the legal effect of the stipulation, or at least, upon the authority which he conceived to be granted by it.

As to the objection of respondent's counsel, that the purpose of the *mandamus* is not to restrain the action of other tribunals, but to set them in motion, or to direct some affirmative action on their part, we see no difficulty

of this kind in the present case, since the *mandamus* asked for, is to direct affirmative action, viz.: to proceed to vacate an erroneous order heretofore granted in the cause.

The *mandamus* must issue as prayed for.

CAMPBELL and GRAVES, JJ., concurred.

COOLEY, J., did not sit in this case.