## W. B. Botts v. F. C. Martin.

1. Agreement of Counsel—Practice.—An agreement of counsel ambiguous in its terms, about the meaning of which the parties disagree, after it was filed, may be withdrawn by leave of the court upon a motion showing that it was made through mistake of the facts on the part of the party asking leave to withdraw.

2. Same.—After granting leave to withdraw such agreement of counsel to one of the parties, it is not error to exclude it when offered in evidence by the other party.

Appeal from Van Zandt. Tried below before the Hon. M. H. Bonner.

*J. J. Hill,* for appellant.

No counsel for appellee.

Ireland, Associate Justice.—This suit was brought to recover a tract of land described in the pleadings. On the 16th day of July, 1875, the attorneys for both parties made and filed in the cause an agreement about the heirship of plaintiffs and other facts relied upon by plaintiff, and on behalf of defendant it is stipulated that he went into possession at a certain day and has remained in possession up to date. On the 17th day of July plaintiff filed a replication to defendant's answer to meet the statute of limitations, alleging that some of the plaintiffs were married women and minors. It appears from a bill of exceptions contained in the record that upon a question arising between the parties as to the legal effect of the agreement filed and as to what

it was designed to prove, and upon the court calling the attention of the parties to that disagreement, that plaintiff's counsel remarked to the court that he desired to withdraw the agreement, but after a few minutes' consultation with another attorney standing by he turned again to the court and remarked that "he would take back what he said about withdrawing the agreement." Thereupon counsel for defendant gave notice to the court that he "would ask to withdraw the agreement and abandon the same." The judge below, in signing a bill of exceptions, states that this occurred on the 6th day of the month, and when the cause had been called up out of its order and submitted to the court, defendant insisting that it was to be submitted upon the pleadings as they stood when the agreement was filed and before the replication was placed on file. That the cause was then withdrawn from the court, and nothing more occurred until the 21st. The bill of exceptions recites that before the case was reached for trial defendant's attorney made a verbal motion to withdraw the agreement from the file, and this being resisted by plaintiff, the court ordered the parties to put their motion and the objections to it in writing, the court stating that from the grounds mentioned and what had occurred under the personal knowledge of the court he would sustain the motion. The cause was then passed, and on the 2d day of the third week the cause was regularly reached, when the parties announced ready for trial, no mention being then made of the motion or agreement.

Plaintiff offered the agreement in evidence, and upon objections it was ruled out. There is no statement of facts other than what is contained in the bill of exceptions.

There was a judgment for defendant. It is insisted that the court erred in not allowing the agreement to be read. It is true that admissions of record are binding upon parties and may be invoked against them in a proper case ; but this must be understood to refer to admissions that are

properly in the record, and cannot properly be referable to admissions contained in an agreement like the one under consideration. Parties here disagreed as to what was meant by the agreement, and it is not free from ambiguity.

In the answer to the motion the plaintiff does not controvert the fact that the agreement does not speak the truth, but relies upon its being a written agreement, and that defendant's counsel, in place of getting an advantage, as he thought he had, had found himself mistaken in the law arising upon the matters contained in the agreement. We believe that in a case like this, and especially after plaintiff's counsel had first asked to withdraw the agreement, that it was not error for the court to annul the agreement or allow the defendant to free himself from it, and after this had been done it was not error to refuse to allow it to be introduced in evidence. There being no error in the judgment, it is affirmed.

AFFIRMED.