[No. 11351.   Department Two. — June 9, 1888.]

BANK OF HEALDSBURG, RESPONDENT, *v.* HOLLIS | 76  489 |
HITCHCOCK, APPELLANT.                            | 79  123 |

ORDER REFUSING NEW TRIAL — NOTICE OF MOTION. — When there is nothing in the record to show that the notice of motion for new trial was not properly given, and the order denying the motion assigns another ground for refusing the new trial, it will not be presumed that the notice was not given, or not given in due time, and that the court denied the motion on one or the other of such grounds.

PARTITION — STIPULATION — ENTIRE CONTRACT. — When a stipulation or contract is made between the parties pending a suit for partition, which provides for the partition of the lands involved in the case, and also for the partition and conveyance of other lands not so involved, and which is an entire contract, its terms being dependent, it is error for the court to select and rule upon a portion of the contract and disregard other portions of it.

ID. — SPECIFIC PERFORMANCE. — If the defendant refuses to carry out his contract for the partition of detached tracts of land, and for an exchange and conveyance of certain portions of land, the plaintiff has his remedy by an action for specific performance of the whole contract, and not by partition of part only of the lands.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The transcript contained a notice of motion for new trial, which appeared to have been served and filed fifty days after the judgment. No notice of decision appeared in the transcript, and nothing in regard to the notice of motion for new trial was embodied in the statement. The action was originally brought in Mendocino County for the partition of certain lands situated in Sonoma and Mendocino counties, and was regularly transferred to the Superior Court of Sonoma County. Pending the action, the following stipulation was made between the parties and filed in the cause: —

"The parties to said action hereby stipulate for partition of the lands for which said action was brought; and to settle any question in relation to other lands adjoining said lands, stipulate as follows: That a division line be established between said parties, to wit, the creek known

as the Rock Pile Creek, from the point where the said creek crosses the township line between townships 11 and 12, ranges 12 and 13, and running thence easterly through the said Rock Pile range to the point where the said creek crosses the section line between sections four (4) and five (5) in township 11, range 13, and the said plaintiff is to have the choice of the lands on either side of said creek, upon condition that a commission be ap-appointed to value the lands of said Hitchcock on the side of said creek so selected, and pay to him, said Hitchcock, the value of the lands so appraised, and also to appraise all the lands separately owned by the plaintiff and J. D. Hassett, on the other side of said creek, and accept the price or value fixed on said lands and convey the same to Hitchcock on receipt of said amount; and in case the plaintiff selects the lands on the north side of said creek, the lands to be appraised on the south side are described as follows, belonging to said plaintiff and J. D. Hassett, to wit: That portion of the lands known as the Cooper claim, lying on the east side of said creek; the lands known as the J. H. Reynolds claim, containing 160 acres; the Martin Hixon claim, containing 40 acres; the J. T. Hassett claim, adjoining the Hixon claim, and containing 40 acres, the last two tracts being in section 9, township 11, range 13; the Benois claim, 160 acres; the J. T. Hassett claim, in sections 22 and 23 in said township, and the Hixon claim in said section 23; and the northeast quarter of section 16 in said township, northwest quarter of southwest quarter of said section 15, and southwest quarter of southeast quarter, section 21, in said township.

"And in case the plaintiff selects the land on the south side of said creek, then the lands of Hitchcock to be ap-praised are described as follows, to wit: The lands known as the William Englehart claim, containing 160 acres, and the lands known as the claim of Carothers; and also in case of selecting the said south side, then to appraise

all the separate lands of the said plaintiff and said J. D. Hassett on the north side of said creek within the said Rock Pile.

"When said selection is made and the appraisement completed, each of said parties agrees to pay the other the appraised value thereof, and convey to the other the lands hereby agreed to be conveyed, it being understood and agreed that no matter which side the said plaintiff may select, the said Hitchcock is to pay, and the said plaintiff and J. D. Hassett is to convey to Hitchcock the said claims of Benois and J. T. Hassett, situated in said section 23, and the said claim of said Hixon in said section 23, at said appraised price; the parties to have the usual right of way over the lands of the other until a public road is established, but the right to maintain gates is not to be interfered with, and any right of way is to be subject to the right of maintaining gates.

"And the said Hitchcock agrees to pay to the plaintiff the sum of three hundred dollars in full of the Field mortgage debt set forth in the plaintiff's complaint, and the plaintiff agrees to accept the said sum in full for the same, and as such commission the said parties hereby appoint James Samuels, H. E. Lawrence, and James Seawell to appraise and value said lands, and to employ a surveyor, if in their opinion the same is necessary. Each party is to pay one half the costs of said suit and one half the expense of said commission; said commission to make report within sixty days from the date hereof. In case any of the persons hereby appointed fail to act on said commission, then the parties shall select others in the place of those failing to act.

> "J. H. McGee,
> "W. F. Russell,
>> "Attorneys for Plaintiff.
> "A. B. Ware,
> "Rutledge & McConnell,
>> "Attorneys for Defendant."

The further facts are stated in the opinion of the court.

*Thomas J. Geary,* for Appellant.

In this case the court denied the motion for a particular reason, "that a new trial was not the proper remedy," so that the rule that when it does not appear upon what ground the decision was made, it will be presumed to have been made upon any ground upon which it can be supported, cannot be invoked to authorize the presumption that the motion for a new trial in this case was denied for want of notice. (*Girdner* v. *Beswick,* 69 Cal. 119; *Gray* v. *Nunan,* 63 Cal. 220.) The contract was entire, and the court erred in accepting the Rock Pile Creek as a dividing line of the lands held in common because the same was agreed upon in the contract, without also giving effect to all the other parts of the contract, and should have disregarded all the agreement, and proceeded to make partition without reference to the contract, or else should have enforced all parts of it. The court in effect made a new contract for the parties, different from the one they executed. The court could not change the terms of the stipulation, and the whole stipulation must be enforced, or no part of it. (*Himmelmann* v. *Sullivan,* 40 Cal. 125; *Hathaway* v. *De Soto,* 21 Cal. 192.) If said contract was valid, and plaintiff wished to enforce it, it should have brought an action for specific performance, in which the court could have given effect to all parts of the contract. (*Porter* v. *Atherton,* 32 Cal. 420.)

*J. H. McGee,* and *W. F. Russell,* for Respondent.

The notice of intention to move for a new trial constitutes no part of the record. (Code Civ. Proc., secs. 661, 959; *Hook* v. *Hall,* 68 Cal. 23.) It cannot be presumed from the naked fact that a statement or affidavits were filed that a notice of motion was given or waived when the motion is denied. (*Dominguez* v. *Moscotti,* 74 Cal. 269.) The object of the stipulation was twofold: one to effectuate a settlement of the case then pending, and partition the common lands, which could be

done in court, and one to settle the value of individual land mixed up and lying among the various tracts of land, which could only be done outside of court. These objects were independent, severable, and divisible. One part of the stipulation was to be carried out by the court; the other was to be left to the parties to be carried out.

THORNTON, J.—We think that the record here shows that the notice of intention to move for a new trial was properly and duly given. We find in the order denying the motion that the court below denies it on the ground that "a motion for a new trial is not the proper remedy." If the notice of intention to move was not given at all, or was not given in time, the court might and would have denied the motion for a new trial on one or the other of such grounds.

The ground on which the court rested its denial of the motion satisfies us that the notice for a new trial was in all respects regular, and that there is no ground to indulge the presumption that the notice of intention was not given at all, or not given in time, and on one or the other of such grounds, that the motion was denied.

The court decided the cause on a stipulation or contract made between the parties to the action in regard to the partition of the lands involved in this case, and other lands not involved herein. The contract was entire, its terms being dependent, and in our judgment the court erred in selecting a portion of the contract and ruling on it, and disregarding other portions of it. No one can say on reading the contract (which seems to have been filed as a stipulation in the cause) that the defendant consented or would have consented to the partition of the land involved in this action, unless the provisions of the contract in regard to the other lands were also carried out.

We are of opinion, therefore, that there was no evidence to justify the decision of the court.

If the defendant refused to carry out his contract with the plaintiff, the plaintiff has its remedy by an action for specific performance.

The judgment and order must be reversed and the cause remanded. So ordered.

McFARLAND, J., and SHARPSTEIN, J., concurred.