CAPITAL TOWNSITE CO. v. BROWN *et al.*

No. 1995.   Opinion Filed September 12, 1912.

(126 Pac. 722.)

**STIPULATIONS — Admissibility in Evidence.** In an action for the recovery of the possession of machinery and buildings placed upon a town lot, the title to which was at the time in controversy, where the case is tried upon an agreed statement of facts in the form of express stipulations of record, and which stipulations recited that a contest was then pending and undetermined before the Secretary of the Interior over the title or right to patent to said lot, and the case is tried and judgment rendered for the plaintiff, which on appeal is reversed and remanded for a new trial, and where, upon a second trial, the plaintiff offers as testimony the original agreed statement of facts, but upon objection thereto, and it being shown that, subsequent to the entering into of said stipulations and the first trial, the contest over the lot to which said machinery and buildings had been attached had been decided by the Secretary of the Interior in favor of the defendants, the court excluded said stipulations, held, not error.

(Syllabus by Sharp, C.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by the Capital Townsite Company against L. K. and R. E. Brown. Judgment for defendants, and plaintiff brings error. Affirmed.

*Francis R. Brennan,* for plaintiff in error.

Opinion by SHARP, C.   The action below was originally brought by plaintiff on April 15, 1904, and was tried on an agreed statement of facts, filed in court March 24, 1906. Upon trial plaintiff recovered judgment, which judgment was, on appeal to this court, reversed, and the cause remanded for a new trial. *Brown et al. v. Capital Townsite Co.,* 21 Okla. 586, 96 Pac. 587. Thereafter the case came on for trial on September 29, 1909, in the district court of Creek county, the successor to the United States Court for the Western District of Indian Territory at Sapulpa. A jury being waived, both the issues of fact and of law were submitted to the court, and the plaintiff thereupon of-

fered in evidence the original agreed statement of facts upon which the case was first tried, and to the introduction of which the defendants objected, for the reason that the contest over the lot on which the engine, boiler, and other machinery was situated had, since the filing of said agreed statement of facts, been decided by the Department of the. Interior in favor of defendants, and that a deed to said lot had been issued to them. The objection being sustained, and no further evidence being offered, . the court rendered judgment for the defendants.

As a general rule, it may be asserted that an agreed statement of facts, made for the express purpose of dispensing with the proof of some fact at the trial, in the form of express stipulations, on being filed and becoming a part of the record, is conclusive of all the facts involved, and may be given in evidence on any subsequent trial. *Consolidated Steel & Wire Co. et al. v. Burnham,* 8 Okla. 514, 58 Pac. 654, and authorities cited. But when the facts are as here, this rule cannot properly be invoked.

From the agreed statement of facts, it appears that in the year 1902 the defendants were the owners of the machinery described in plaintiff's complaint, and in January, 1903, moved the same on the above-described lot, which was then in controversy, without plaintiff's consent, and erected thereon the house, and installed a complete sawmill and gristmill plant on said premises; that the machinery was firmly bolted to large and heavy beams imbedded in the ground, and became a fixture on said lot; that, prior to the institution of this action, the defendants removed from said lot all of said machinery and the improvements thereon, over the protest of plaintiff. It affirmatively appears in said stipulations that at the time of the making thereof the lot was involved in a contest which was then pending before the Secretary of the Interior, a co-ordinate branch of the general government; and that either the said plaintiff or defendants were entitled to purchase said lot from the Creek Nation at one-half of the appraised value thereof. It will thus be seen that the stipulation of facts entered into by the parties had to do with the then existing conditions, and it plainly showed that in the ·

course of time the pending contest would be ended, and that either plaintiff or defendants would become the owner of said lot; that the title to said lot was involved in litigation in that arm of the government to whose jurisdiction it had been conferred by congressional enactment. The title to the lot was to be settled through the agency of the Interior Department, and when settled its judgment would become final, unless, in proper cases, a court of equity should otherwise decree.

It is stated by counsel for plaintiff in error that it was conceded at the trial, and is here conceded, that the defendants could have produced undisputed evidence that the lot contest referred to in the agreed statement of facts was decided in defendants' favor. This, taken in connection with the recital in the case-made that the court excluded the agreed statement of facts, for the reason that since its filing the contest referred to therein had been decided in favor of defendants by the Department of the Interior, and that a deed thereto had issued to said defendants, furnished the reason for the court's action in excluding the agreed statement of facts, and is sufficient evidence of that fact. Plaintiff's contention is indeed unusual. It had no title originally to the machinery; in fact, it is admitted that it belonged to defendants. This machinery was then moved onto the lot then involved in contest proceedings, and it was claimed that by the nature and character of the fixtures, and their permanent attachment to the soil, it thereby became a part of the real estate; but apparently plaintiff has overlooked the fact that in the contest over the title to the lot it was unsuccessful, while, on the other hand, the defendants succeeded in their contentions, and thereby became entitled to the patent, so that under no view of the law, has plaintiff any title to the machinery and improvements. Its only claim of title arose by virtue of the machinery, house, etc., becoming a part of the realty, the title to which was found, not to be in them, but in the defendants.

Counsel, in his brief, says that they rely entirely on the case of *Atherton et al., Executors, v. Fowler et al.,* 96 U. S. 513, 24 L. Ed. 732. There, however, Page had obtained title to the land from which the hay was cut, and it was held that this title

related back to his possession under the Valejo grant; while here the title to the lot in question was awarded, not to plaintiff, but to defendants. Had the plaintiff been successful in the litigation before the Department of the Interior, the case would probably be in point. If, in awarding title to the lot, the Department of the Interior made a mistake as to the law, or if through fraud or gross mistake of fact it rendered a wrong decision, then the jurisdiction of a court of equity may be invoked for relief. *Citizens' Trading Co. v. Bass,* 30 Okla. 747, 120 Pac. 1095, and cases cited.

Considering the agreed statement of facts as though admitted in evidence, in connection with the recitals in the case-made and the admission of counsel as to what occurred in the trial court, and in view of the further fact that counsel for plaintiff in error in his brief says, "For the purpose of ending this litigation, plaintiffs in error are willing for the court to treat said objection as a demurrer to the evidence," we are authorized in thus expressing the foregoing views and in reaching our present conclusions.

The only remaining assignments of error, not being argued, are deemed to have been waived.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.