**STOVALL et al. v. BREEDLOVE et al.**

No. 9774—Opinion Filed June 29, 1920.

(Syllabus by the Court.)

**1. Stipulations—When Enforceable.**

The court, by its general superintending power over all proceedings before it, will take notice of stipulations properly made out and will act upon them in such a way as to carry them specifically into effect; but a court of equity will not decree the specific perform-

ance of a stipulation which is in conflict with a valid statute, or concerning the execution of which it appears that there was some accident, surprise, or excusable mistake as to its meaning and effect on the part of one of the parties, and the court will disregard an agreement concerning which a controversy has arisen.

## 2. Same—Failure to Comply with Stipulations—Judgment—Reversal.

In an action by the plaintiff to cancel a contract of sale of land, to have a sum of money placed in escrow by defendant declared forfeited to the plaintiff, and for a permanent injunction, where the defendant's answer sets up valid defenses which the plaintiff's reply controverts, and the plaintiff and the defendant and another, who is plaintiff in three other suits against this plaintiff as defendant, enter into a stipulation for settlement of the litigation involved in all four of the cases, and for a dismissal thereof, and such stipulation is approved by the court during the trial of such action, and spread of record in the case, the trial arrested and the cause continued and the other causes ordered dismissed, and where the said stipulation prescribed many things to be done in the future by the respective parties that were necessary to carry out the terms of the stipulation within a given time, and after the expiration of the time the plaintiff filed a motion to enforce the stipulations, which the court denied, and ordered that the cause be reinstated and the plaintiff be granted a jury trial, and the cause was set for trial for a day certain at a subsequent or adjourned term, and when the case was called for trial upon said date, without previous notice to the defendant, the plaintiff presented her motion for a judgment against the defendant upon the stipulation, and after the defendant had, by answer, challenged the truthfulness of the plaintiff's allegations in her motion that she had complied with the terms of the stipulation and that the defendant had not, and the defendant's answer, by sufficient allegations, showed that the plaintiff had utterly failed to comply with the terms of the stipulation and that if the defendant were compelled to comply therewith he would suffer irreparable loss in a large sum, and prayed that his defenses be heard, and that the cause be regularly heard upon the issues joined, which was refused by the court and a judgment was summarily rendered in favor of the plaintiff, held (a) that the defendant should have been accorded a regular hearing upon his answer to the plaintiff's motion, and (b) ordered that the judgment be reversed and the same be remanded with directions.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Priscilla Breedlove against James N. Stovall to cancel contract for sale of land and other relief. Stipulation filed settling controversy, also settling controversy involved in three other cases brought by Frank T. Lamar against Breedlove and another. Judgment for Breedlove upon the stipulation, and Stovall and Lamar bring error. Reversed and remanded.

A. C. Towne and Riddle, Bennett, Wilson & Mitchell, for plaintiffs in error.

Wm. P. Thompson, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Ottawa county; Hon. Preston S. Davis, Judge.

On the 7th day of March, 1913, the defendant in error, Priscilla Breedlove, as plaintiff, commenced an action in the district court against James N. Stovall, defendant, to cancel a contract of sale of 200 acres of land, entered into between the parties, the plaintiff alleging a breach thereof by the defendant, and the plaintiff sought to recover $3,300 damages, and to have $300 placed in escrow by the defendant declared forfeited to the plaintiff, and for a temporary and permanent injunction against the defendant restraining him from entering upon the premises.

On October 26, 1917, the plaintiff filed a motion in said cause which is as follows:

"In the district court in and for Ottawa County, State of Oklahoma.

"Priscilla Breedlove v. James N. Stovall. No. 778.

"Frank T. Lamar v. Priscilla Breedlove et al. No. 954.

"Frank T. Lamar v. Priscilla Breedlove et al. No. 1112.

"Frank T. Lamar v. Priscilla Breedlove et al. No. 1113.

"Comes now Priscilla Breedlove, plaintiff, in cause No. 778, under the name and style of Priscilla Breedlove v. James N. Stovall, and as defendant in cases numbers 954, 1112 and 1113, the name and style of the last three mentioned causes being Frank T. Lamar v. Priscilla Breedlove et al., and shows to the court that on the 22nd day of October, 1915, solemn stipulation was entered into by and between Priscilla Breedlove and James N. Stovall and A. C. Towne, attorney for Frank T. Lamar, and W. P. Thompson, attorney for other defendants, which stipulation is in words and figures, as follows, to wit:

"'It is hereby stipulated and agreed that all the above entitled cases are to be dismissed and the costs are to be divided between the plaintiff and defendant, in case No. 788, and that James N. Stovall is to pay the sum of $1,700 to Priscilla Breedlove upon the execution and delivery of a warranty deed to the land described in case No 778, being 200 acres and not including the

Brown 20 acres, free and clear of all mortgages, taxes prior to the year 1913, liens and incumbrances, provided that the mortgages may be deducted from the $1,700, and to quitclaim to James N. Stovall all of her rights and interests in and to the lands involved in the other law suits, numbered above, as follows, save and except the thirty acres in the possession of Will Angel, and as to that particular tract Stovall is to execute and deliver to Will Angel, or W. J. Angel, a warranty deed.

" 'As to the ten acres near the town of Fairland, Oklahoma, involved in suit No. 1112, now in the possession of James Blackburn, said Priscilla Breedlove is to execute a quitclaim deed and place the same in escrow with E. D. Adams to be delivered to said Stovall by the first day of the next term of court, or sooner if instructed to do so by Priscilla Breedlove, provided that the crops that are now on said ten acres of land shall be retained by said James Blackburn, and that he has until January 1st, 1916, to remove same from the premises. Possession of said ten acres, to be given to Stovall by March 1st, 1916. Stipulations herein to be carried out within ten days from this date.

" 'Signed this October 22nd, 1915.

" 'Priscilla Breedlove,
" 'James N. Stovall.

" 'A. C. Towne, Attorney for Frank T. Lamar.
" 'W. P. Thompson, Attorney for the other defendants.'

"That the said Priscilla Breedlove has complied with all the conditions of said stipulation, but that the said James N. Stovall and Frank T. Lamar have failed and refused and still refuse to comply with their obligations under said stipulation and that by virtue of said stipulation, the said James N. Stovall and Frank T. Lamar are estopped from further prosecuting the above named and styled action in this court, that said stipulation was filed in open court during the trial of case No. 778, and the court orders in said cases entered of record in open court.

"Wherefore, said Priscilla Breedlove prays the court to enter an order herein compelling the said James N. Stovall and Frank Lamar to carry out the terms and conditions of said stipulations within a reasonable time and to enter judgment in the above entitled causes in compliance with the terms and conditions of said stipulation and order execution thereon."

On the next day and on October 27, 1917, the defendant, James N. Stovall, and Frank T. Lamar filed their answer and objections to the motion of plaintiff, alleging, in substance:

That the court is without jurisdiction to thus in a summary way decree the specific performance of said stipulation, because the only remedy the plaintiff has, is an action at law and in a suit between the parties; that because at the adjourned sitting in February, 1917, of the regular October, 1916, term of said court, the Honorable Judge George Crump, sitting, passed upon the plaintiff's motion of the same character, and of the identical relief prayed for, and denied same, and set aside said stipulation, and reinstated said causes above set out, for trial, whereupon at the April, 1917, term of said court plaintiff demanded a jury, and the cause on that account was continued, and this court, on the first day of this term, set said causes for trial on the 26th day of October, 1917, at 9 o'clock, a. m. And that this defendant, at the calling of said case No. 778, on said date is present in person and by his counsel and with his witnesses and with his evidence, and demanding said cause proceed to trial, and that the plaintiff presents this motion without any notice to the defendant after the cause had been called for trial, and the matter is res adjudicata. Said motion comes too late, and the plaintiff, by her silence, since the cause was reinstated and set for trial has waived her right to again present the same, and if it is a matter within the discretion of the court, it would be an abuse of such discretion to grant it under the circumstances, and that said motion is insufficient, as it neither shows nor alleges a payment of the taxes on the land prior to the year 1913, as provided in said stipulation, nor does it allege the tendering of one-half of the payment of the costs in case No. 778, as provided in said stipulation, nor does it allege or tender the possession to the defendant or offer to place the defendant in the possession of the ten acres of land as provided in said stipulation, nor does it tender the quitclaim deeds provided in said stipulation for the Lamar land included in the other suits, Nos. 954, 1112, and 1113; that no warranty deed, as provided in said stipulation has ever been tendered, nor any quitclaim deed; that the 80 acres of land in section 35, known as the Peggy Grass land, are not now, nor have they for more than two years past, been in the possession of the plaintiff, nor have any rents been paid to the plaintiff within that time, but the said land has been in the possession of the owner, O. E. Fisher, for more than two years; that a large part of the land included in said stipulation has been sold for taxes that were due and levied thereon prior to the year 1913, and which the plaintiff, according to said stipulation, was to pay and has not done so, and large costs and penalties have accrued on said sales, and said lands so sold have not been redeemed and are not clear of liens, and the plaintiff has no title of whatever kind or character to the 80 acres of said land; that said deed now proposed to be offered is illegal and invalid, because since the signing and acknowledging thereof by Priscilla Breedlove the name of Walter W. Breedlove has been inserted thereon; that the covenants and warranties in the proposed warranty deed the plaintiff now asks the court to decree the defendant to accept, wherein the plaintiff

and her husband covenant that the grantors are seized of an indefeasible estate in fee simple, and have good right and full power to convey same, and that the same is clear of all incumbrances and liens, and that they warrant to the grantees, his heirs and assigns, a quiet and peaceable possession thereof, are false and untrue, and so known to the grantors, and are for the purpose of swindling, cheating, and defrauding defendant, and perpetrating a fraud by leading the court to believe the grantors have title to said premises, and that grantors are wholly insolvent and have no property to answer in damages for the breach of said covenants, and that by reason of said claims for taxes and the insolvency of the plaintiff and the costs of court in redeeming said lands, the defendant would suffer damages and loss in the sum of $1,700 by the failure of the warranties and covenants in said proposed deed if defendant would comply and accept same and that the amount of the 'counter-claim the defendant would be entitled to have set off against the plaintiff would fail. That said stipulation is illegal and void and cannot be enforced in the court because the plaintiff's deed is champertous.

The defendant prayed that said motion be denied and the cause proceed to trial on the issues formed by the petition, answer. and reply, or that, if the court should, over the objection of the defendant, undertake to decree in this summary way that defendant accept said deed and pay this $1,700 the defendant have off-set or counterclaim in the sum of $1.700 against the plaintiff because of the falsity of the covenants contained in said deed as set out, and for costs.

On this same date the court rendered a judgment in favor of the plaintiff for the relief asked in her said motion, and thereafter on the same day overruled the defendant's motion for new trial, and thereafter this proceeding in error was regularly commenced to reverse the same.

The answer was verified and the plaintiff did not file any reply thereto and no testimony was taken. The court summarily rendered the judgment complained of. The record discloses that this was a suit to release Breedlove from this contract of sale and for damages, and the answer and supp'emental answer disclosed the inability of the Breedloves to convey this land and their inability to procure deeds so as to be able to convey it, and that finally that suit came to trial. and after the trial had been started they entered into a contract to settle this case and three other law suits that had been brought by one Frank Lamar against Breedlove to recover land that Lamar had sold to Stovall, which was not included in the contract of sale between the Breedloves and Stovall; so that the contract of stipulation of settlement not only included the Breedlove

suit against Stovall, but included the compromising and settling of the other suits, by the Breedloves deeding whatever right they had to Stovall and Stovall deeding a certain 30 acres of it to one Will Angel, and Stovall was to be placed in possession of ten acres of this Lamar land that was in the possession of one James, to whom Breedlove had transferred it.

From the nature of the supplemental answers of Stovall it will readily be seen why this was done, as Breedlove was charged with having forged the Lamar deed to him and also charged to have obtained it before Lamar was of age and while he was a minor, and he being an Indian and this part of his allotment, it was a contract between the parties to settle these disputed matters in all of this litigation, and to have conveyed to Stovall the lands that they had bought, and free of taxes prior to the time the contract of sale was made, and to pay one-half of the costs. It was provided that these matters should be carried out within ten days, which was not done, and, in fact, was never done. And in February, 1917, the stipulation was vacated by the court and the cases reset for trial, and when the time came for trial Priscilla Breedlove demanded a jury trial, for which the case was continued to the October, 1917, term of the court. The court set the cases in the regular order for trial. This case, No. 778, was set for trial on the 26th of October, at the 1917 term. The parties appeared by their counsel and Stovall was ready with his witnesses for trial; when the case was reached in its order and called for trial, Priscilla Breedlove, through her counsel, filed a motion embodying the stipulation in the motion and asked the court to adjudge that Stovall be compelled to carry it out and accept the deed that Breedlove tendered. To this motion, of which no notice had ever been had on Stovall or his counsel, Stovall filed an answer and objections in which, by reference to the same. it will be seen that Breedlove was in default of every condition and every element of condition that the stipulation required them to perform, and that the covenants in the offered deed that they tendered were false and were made for the purpose of defrauding Stovall; that they had no title to the land; that they had never procured any, and that they had never offered to pay their portion of the costs of this suit that they agreed to pay, and they had never paid the taxes they were to pay. These were all new matters that were raised by this answer or objections and were undenied; no reply was ever filed or made and the court simply. without any evidence to support the motion of Breedlove, undertook to render judgment compelling Stovall to accept that worthless

deed and to pay out his $1,700 and still get no title to any of the land, and the quitclaim deeds to the Lamar lands still being unexecuted by the Breedloves. In fact, the entire substance of the performance by the Breedloves of their portion of the contract was in dispute.

Concerning the enforcement of the stipulations of parties by the courts, in 36 Cyc. 1297, the rule is thus stated:

"The court, by its general superintending power over all proceedings before it, will take notice of stipulations properly made out and will act upon them in such a way as to carry them specifically into effect; but a court of equity will not decree the specific performance of a stipulation which is in conflict with a valid statute, or concerning the execution of which it appears that there was some accident, surprise, or excusable mistake as to its meaning and effect on the part of one of the parties, and the court will disregard an agreement concerning which a controversy has arisen. A stipulation will not be enforced after it has been wholly disregarded by the parties and the court, nor will it be enforced in favor of one who has failed to comply with the conditions under which it was made, or who has waived the right to demand compliance by taking some step in conflict with the provisions of the agreement, unless such act is insufficient to show an intention to disregard the stipulation or to place the opposite party at a disadvantage."

In support of the rule the following cases are cited: Taylor v. Brewer, 78 N. C. 8; Batts v. Martin, 44 Tex. 91; People v. Holden, 28 Cal. 123; Hughes v. Jackson, 12 Md. 450; Bank v. Hitchcock, 76 Cal. 489, 18 Pac. 648; People v. Branch, 26 Mich. 370; Consolidated Steel & Wire Co. v. Burnham, Hanna, Munger Co., 8 Okla. 514. In the latter case, Burford, C. J., speaking for the court, said:

"The facts were agreed to by the parties and filed in the cause. The agreement was not qualified or limited, but was absolute and unconditional. It belongs to that class of evidence termed 'solemn admissions.' Solemn or judicial admissions, made for the express purpose of dispensing with the proof of some fact at the trial, in the form of expressed stipulations, on being filed and becoming a part of the record, are generally conclusive of all the facts involved, and may be given in evidence on any subsequent trial. It would seem that this class of admissions are the only ones that are ever held to be conclusive, and there are exceptions to this rule; but where, as in this case, the admitted or agreed facts consist largely of record matters, there are stronger reasons for holding the parties bound by the agreed facts upon a second or new trial."

In that case it was shown in the opinion that after it had been reversed and remanded, the trial court permitted the plaintiff to file a supplemental petition which presented a new issue, although without leave of the court and without notice to adverse parties. No opportunity was given the adverse parties to plead to the supplemental petition. On account of this action by the court the cause was again reversed, concerning which it is stated in the body of the opinion:

"Such proceeding was certainly not warranted by any rule of procedure or practice. Even if this action should be treated as a summary proceeding to compel them to account for the funds in the custody of the law and improperly diverted, they were entitled to be informed of the charge, and to be heard in their defense. * * * Where an amendment is calculated to promote the ends of justice, it is error to refuse it."

In the case of Capital Townsite Co. v. Brown et al., 34 Okla. 568, 126 Pac. 722, Sharp, C., speaking for this court, said:

"In an action for the recovery of the possession of machinery and buildings placed upon a town lot, the title to which was at the time in controversy, where the case is tried upon an agreed statement of facts in the form of express stipulations of record, and which stipulations recited that a contest was then pending and undetermined before the Secretary of the Interior over the title or right to patent to said lot, and the case is tried and judgment rendered for the plaintiff, which on appeal is reversed and remanded for a new trial, and where, upon a second trial, the plaintiff offers as testimony the original agreed statement of facts, but upon objection thereto, and it being shown that subsequent to the entering into of said stipulations and the first trial, the contest over the lot to which said machinery and buildings had been attached had been decided by the Secretary of the Interior in favor of the defendants, the court excluded said stipulations, held, not error."

In the instant case, the stipulations of the parties did not consist alone of solemn admissions of the parties, made of record, but, in addition, consisted of numerous important things to be done by the respective parties. The plaintiff's motion for judgment upon the stipulations alleged that she had complied with all the conditions of said stipulation, but alleged that the defendants had failed to comply therewith on their part. On the other hand, the defendants alleged that the plaintiff had failed in toto on her part to comply with such stipulations—in substance, that none of the things agreed therein to be done by the plaintiff had been done.

We think the defendants were clearly entitled to a trial of the cause upon the motion and answer, and that the court erred in sustaining the plaintiff's motion and rendering the judgment complained of.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

HARRISON, V. C. J., and PITCHFORD, McNEILL, and BAILEY, JJ., concur.