Johann Vidon, Appellant, v. Rosa Roberts, Appellee.

Gen. No. 43,708.

Opinion filed November 20, 1946. Rehearing denied December 4, 1946. Released for publication December 5, 1946.

CLARENCE W. SHAEFFER, and DAVID H. KRAFT, both of Chicago, for appellant; DAVID H. KRAFT, of Chicago, of counsel.

ECKERT & PETERSON, of Chicago, for appellee; WILLIAM U. BARDWELL and MELVIN L. GIBBARD, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action in chancery, filed May, 1940, to, among other things, cancel certain deeds and for an accounting. There is a cross-complaint for foreclosure based on one of the deeds sought to be canceled. The main point raised, however, is that the trial court erred in holding plaintiff was bound by the terms of a stipulation contained in a court order. Plaintiff sought to appeal to the Supreme Court. The appeal was transferred here.

In the trial court the cause was referred to a master who reported his findings and conclusions. The parties, however, stipulated in an order entered October 27, 1944, that a decree should be entered requiring each party to perform certain acts in settlement of their controversy. ·A decree was entered November 9. A verified petition was filed December 1, in plaintiff's behalf by substituted counsel, asking that both the order of October 27 and the November 9th decree be vacated or in the alternative, should the court refuse to grant that request, the decree be set aside and a new decree be entered in conformity with the stipulated order. December 11, a new decree was entered vacating the decree of November 9 and conforming to the stipulation. Plaintiff objected to the entering of this decree. December 28, he moved to strike the alternative prayer from his petition of December 1; to vacate the decree of December 11 and the order of October 27; and to restore the proceeding to its status prior to October 27 so that he might argue exceptions to the master's report, etc. These several motions were denied. Plaintiff asks for reversal of all the orders and the decree of December 11th.

In his complaint plaintiff alleged his ownership of Real Estate Parcels #1 and #2; his conveyance by Warranty Deed of both parcels to Hedwig Knollmueller, deceased, to secure a $7,000 loan and an $1800 loan; her written agreement witnessed by defendant

to reconvey to him after payment of the sums borrowed; his further loan from decedent of $1500 and his pledge of a $2700 Green note as security; his benefit of only $5,450 of the $7,000 loan and decedent's agreement to reduce interest rates from 6 to 1 per cent in consideration of his waiving the balance of that loan; decedent's devise of both parcels, and conveyances of Parcel #1 to her cousin, defendant, with the latter's knowledge of fraud upon plaintiff and her holding of title since; collections by decedent and defendant of income from real estate in excess of loans; collections on the collateral note in excess of loan secured; and his offer to pay whatever should be found due from him to defendant Roberts. In her answer defendant charged laches and put plaintiff on proof of allegations in the complaint. She filed her counterclaim to foreclose on plaintiff's deed to Parcel 2, given to secure payment of the $1800 loan.

While the master's report and exceptions thereto were pending in the trial court, the order of October 27 was entered. It recites that the motion for the order is by attorneys for both parties who, having "amicably" settled all matters in controversy between them, were present at the time in person and by counsel. The order continued the cause to November 9, 1944 without further notice for entry of a decree providing "among other things," (a) that defendant should pay plaintiff $500 and dismiss her suit on plaintiff's $1500 note; (b) defendant should pay any further master's fees; (c) plaintiff to execute and deliver whatever documents necessary to vest title in defendant; (d) parties to execute mutual releases; and (e) the decree to find that plaintiff had no interest in the Green note. The order bears the O.K. and signature of plaintiff and defendant.

The decree of November 9, did not conform to the order. It purported to be entered upon a hearing of the pleadings, report and exceptions thereto. It made

findings in conformity with the report, overruled exceptions thereto, and contained in decretal orders recommendations of the master. It ordered defendant's counterclaim dismissed, gave plaintiff the right to redeem the real estate upon paying defendant approximately $17,000 and found he had no interest in the Green note. We have already recited the events leading to the entry of the December 11 decree ordering performance in accordance with the stipulation.

■ ■  Plaintiff contends the court abused its discretion in enforcing the stipulation. He says the stipulation was incomplete in failing to make specific the term "among other things"; uncertain in failing to specify what documents plaintiff was to execute to vest title in defendant; vague as to the time each party should perform; and vague as to how the parties had amicably settled the matter in controversy. Plaintiff does not claim that "other things" meant provisions or matters not included in the decree of December 11. We have no way of knowing what the term meant. The parties used it and were apparently satisfied with it. We assume it was certain enough for them at the time and infer it meant whatever other provisions the court might include in a decree in addition to those stipulated. We agree with defendant that "necessary documents" was not an uncertain term. The specific documents could not very well have been foretold. We think the statement about the parties settling their differences needs no explanation. It was not necessary for the stipulation to designate the times of performance. This would be the function of the decree and the December 11 decree did specify the times of performance.

■■■  Plaintiff says that defendant by failing to answer the petition of December 1, admitted the allegations therein, in the face of which the Court should not have refused to grant the prayer of the petition. The petition alleged that defendant had repudiated by fail-

ing to pay plaintiff the $500. There was no decretal order yet to pay. It charged that plaintiff could not decipher, and did not understand, the order; was advised by counsel and believed he was obliged to convey only Parcel #2; and was, therefore, misled and his approval of the order induced by mistake. This petition was not answered by defendant. We think the record was sufficient answer to the material allegations. While the order was written in a poor longhand, we experienced but a little difficulty in reading it. Moreover, plaintiff O.K.'d the order and should not be heard to say that he did not understand it. He does not say counsel for defendant misadvised him. Defendant is not responsible for the action of plaintiff's counsel.

The petition also charged that the order of October 27 "lapsed and expired" through failure of a conforming decree of November 9. The decree of November 9 was contrary to the stipulation. There is no explanation made in the briefs for its entry. It contained matter the stipulation was intended to obviate. It purports to have been entered after consideration of plaintiff's exception to the master's report. It is not denied that exceptions were not heard. Plaintiff alleged that for the reasons stated in this and the foregoing paragraph the stipulation in the order of October 27 was "abrogated and rescinded," and "lapsed and expired." He claims benefit of the charge, since there was no answer of defendant to deny it. Defendant's failure to answer the petition did not admit these conclusions of law.

In support of his theory plaintiff refers us to *Gage v. Commercial National Bank,* 86 Ill. 371. There the court held that an agreement between plaintiff and one defendant to waive a jury was set aside by subsequent dismissal of the other defendant from the suit and the filing of virtually a new suit against the one who made the agreement. That is a different situation than confronts us. It is not disputed that par-

ties may abrogate a stipulation by conduct in "virtual disregard" thereof. (60 C. J. p. 90.)

Plaintiff prayed in his petition for vacation of the order of October 27 and the decree of November 9 and for a restoration of the cause to its status prior thereto so that exceptions could be argued. In the alternative, should the first prayers be denied, he prayed for entry of an appropriate decree in accordance with the stipulation. The second decree in conformity with the stipulation was entered December 11, over plaintiff's objection. Plaintiff on December 28 moved to strike the alternative prayer of his petition. The motion was denied. The trial court stated it did not enter the decree upon the alternative prayer, but upon the stipulation which it felt was binding on the parties.

■■ Though *Stovall v. Breedlove* [79 Okla. 24], 191 Pac. 180, cited by plaintiff, is much different factually from the instant case, a rule (36 Cyc. 1297A) is referred to which we believe is decisive of this point. Under that note we find what appears to be the leading case in Illinois on the subject. *Coultas, Impl. v. Green,* 43 Ill. 277. Under the rule the parties hereto having stipulated as they did in the order of October 27, lost further power over the case. There was nothing further to be done but enter the appropriate decree under which the parties would carry out this agreement. The court finding the November 9, decree inappropriate, vacated it and entered an appropriate one. The court's action was discretionary. There was no proper showing of any reason for setting the stipulation aside or for relieving plaintiff from its terms. We see no merit to the point that the stipulation expired November 9 when the decree was entered and the court was powerless thereafter to vacate that decree and enter the decree of December 11. In the case of *In re Robinson* [116 Me. 125], 100 Atl. 373, cited by plaintiff, a judgment to be entered by stipulation at the April term was not entered until September term.

In *Keiser v. Morris & Co.*, 179 N. Y. S. 582 no judgment was entered within the time specified by the stipulation. Cases having to do with improvident and fraudulent stipulation, cited by plaintiff, have no bearing in the situation before us. We are unable to find that the trial court abused its discretion by vacating the decree of November 9th and entering the one of December 11.

Having reached this conclusion we shall not consider argument of plaintiff referring to the fairness of the terms of or consideration in the stipulation, nor any evidence or findings before the master. Plaintiff filed exceptions. He stipulated away his right to argue them. They were not passed on by the trial court and are not before us.

We believe we have given consideration to all points and matters necessary to a proper disposition of this appeal. We believe the trial court acted properly and that the decree of December 11 should be and it hereby is affirmed.

*Affirmed.*

LEWE, P. J., and BURKE, J., concur.