305 F.2d 721
 CUMMINS DIESEL MICHIGAN, INC., Libellant-Appellee,
v.
THE FALCON, her tackle, apparel, etc., et al., Respondent and Intervenors-Appellees, and
W. C. Wright, d/b/a Wright Construction Company, Claimant-Appellant.
 No. 13613.
 United States Court of Appeals Seventh Circuit.
 July 10, 1962.
 
 James A. Boyle, Jr., Chicago, Ill., O'Brien & Boyle, Chicago, Ill., for appellant.
 Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., Proctors for appellee Cummins Diesel Michigan, Inc.
 William D. North, Chicago, Ill., Jay Erens, Chicago, Ill., of counsel, for appellee David J. Zimring.
 Hough, Young & Coale, Chicago, Ill., for appellee Falcon Marine Co.
 John W. Hough, Chicago, Ill., John J. Hogan, Chicago, Ill., of counsel, for appellee Boonstra Bros.
 Before SCHNACKENBERG, CASTLE and MAJOR, Circuit Judges.
 MAJOR, Circuit Judge.
 
 
 1
 This is an action in admiralty commenced August 3, 1960, by Cummins Diesel Michigan, Inc. (appellee), by the filing in the District Court a libel in rem against the vessel, "The Falcon," asserting a maritime lien against it. Pursuant to this libel, a monition in rem was issued, the Marshal attached the vessel and notice of the proceeding was published, pursuant to law.
 
 
 2
 At various subsequent times, Wright (appellant) and Boonstra Brothers, Falcon Marine Company and Zimring (also appellees) filed appearances, claiming various interests in and liens against the vessel, and were given leave to intervene in the action. On May 8, 1961, the Court entered an order designating the parties then before the Court as follows: William C. Wright (appellant) and Cummins Diesel Michigan, Inc., Boonstra Brothers, David J. Zimring and Falcon Marine Company (appellees) and declared all persons not then before the Court to be "in contumacy and default."
 
 
 3
 On the following day, pursuant to an agreement of all parties before the Court, the Court ordered that "The Falcon" be sold by the United States Marshal after notice as provided by law, and that the proceeds be deposited in the registry of the Court. The vessel was sold pursuant to this order, the sale confirmed and the net sum of $39,413.10 deposited as directed. No question is raised as to the validity of the proceedings up to this point.
 
 
 4
 After numerous pre-trial conferences, all parties before the Court, on November 17, 1961, agreed on a distribution of the funds held in the Court's registry, with the amount payable to each in full discharge of their respective claims against the vessel. At that time the Clerk of the Court made the following entry in the record of the pre-trial proceeding, "Wright accepts Court's recommended settlement figure." On December 4, 1961, the Court was informed of Wright's repudiation of the settlement agreement. The Court thereupon orally entered judgment in accordance with the agreement and directed that a formal decree be drafted, to be entered nunc pro tunc to the date of the oral judgment. Wright's objections to the proposed decree were overruled and the final decree was entered as of December 4, 1961. From this decree Wright appeals.
 
 
 5
 Wright in this claim filed December 5, 1960 asserted that in 1958 he gave possession of the vessel to one Raphael O. Holcomb under an executory contract for its sale and that Holcomb had neither paid the contract price nor returned the vessel to him. Wright further alleged that he was the true and bona fide owner of the vessel and prayed for its restitution. Holcomb during the course of the proceedings (the date not being shown) was adjudicated a bankrupt in a Michigan Federal Court. Neither Holcomb nor his Trustee filed or sought leave to file a libel, claim or petition for intervention. However, on November 8, 1961, an attorney for the Trustee directed a letter to the Court Clerk, requesting that his appearance be entered and that he be given notice of subsequent proceedings. The same counsel, in a letter to the District Judge dated November 6, 1961, requested that proceedings be stayed a reasonable time so that he might investigate the matter. The Court directed that the letter be filed and denied the request for additional time. Thus, it is plain that both Holcomb and his Trustee had actual as well as constructive notice of the proceedings.
 
 
 6
 The principal issue here is whether appellant, after agreeing to a settlement in the pre-trial conference, had a right to repudiate it and thereby deprive the Court of the authority or power to enter a decree predicated thereon. If this issue is decided adversely to Wright, as we think it must be, a consideration of many of the intricate questions posed by Wright under the Admiralty Law becomes unnecessary.
 
 
 7
 The Court in its decree among other things found that on November 17, 1961, all parties before the Court entered into an agreement of compromise, fully and finally adjudicating and settling all claims and libels; that Wright at all times prior to the sale of the vessel was the sole owner and that no other person had any interest therein. The Court made no specific findings of fact or separate conclusions of law. Under the circumstances, we do not agree that such failure is fatal to the decree, as argued by appellant. See United States v. Ladd, 4 Cir., 193 F.2d 929.
 
 
 8
 Federal and State Courts have held under a great variety of circumstances that a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court. Citation of a few of such cases will suffice. Toupin v. Gargnier, 12 Ill. 79; Vidon v. Roberts, 330 Ill.App. 104, 69 N.E.2d 721; Johnson v. Spinhirne, 2 Ill. App.2d 189, 116 N.E.2d 199; Beirne v. Fitch Sanitarium, Inc., D.C., 167 F.Supp. 652; McKenzie v. Boorhem, D.C., 117 F. Supp. 433, and Ingalls Iron Works Co. v. Ingalls, D.C., 177 F.Supp. 151. We need not further labor this phase of the case. The findings incorporated in the decree are supported by the record and the authorities justify the action of the Court.
 
 
 9
 Assuming that the Court in its decree properly ordered distribution of the funds in its registry in accordance with the settlement agreement, appellant contends that the decrees included matters not encompassed by the agreement and in some instances beyond the Court's jurisdiction.
 
 
 10
 It is argued that the Court was without authority to decree ownership of the vessel in appellant. This argument is based on the claim that under Rule 19 of the Admiralty Rules, 28 U.S.C.A., the action became petitory or possessory and that it was necessary that Holcomb or his Trustee be made a party. We find no authority which supports this position under the circumstances of the case and we think the rule is inapplicable. Appellant contends, erroneously we think, that there was an issue between him and Holcomb as to the ownership of the vessel. It is true that some of the pleadings asserted on information and belief or on out-of-Court statements by Holcomb that he was the owner. This, however, did not create an issue between appellant and Holcomb, who had an opportunity to intervene and assert any claim to ownership. This he failed or refused to do and, in our view, the decree is binding upon him the same as on all other parties who were in default.
 
 
 11
 Appellant is in the anomalous situation of pleading that he was the owner of the vessel, of agreeing to a distribution of the proceeds derived from its sale and now contending that the Court was without authority to decree ownership in him. The purpose of an in rem action is to provide a forum by which the rights of claimants and other parties in the vessel may be determined and the proceeds of sale thereof distributed accordingly. The remnants and surplus, if any, in all such actions are payable to the owner. It is thus inherent in the nature of the action that ownership be determined. Absent such determination, there could have been no termination and it was an essential step in the in rem proceedings.
 
 
 12
 Appellant contends that the decree is void by virtue of certain injunctive provisions contained therein. Paragraph 3 of the decree provides:
 
 
 13
 "* * * that all persons before the Court herein are hereby perpetually restrained and enjoined from bringing or instituting and from prosecuting any action, suit, or proceeding whatsoever in any country or jurisdiction against William C. Wright or against the dredge `Falcon' for any claims asserted or which might have been asserted in this action by any person before the Court * * *."
 
 Paragraph 7 provides:
 
 14
 "* * * that all claims which have not been presented or filed in this proceeding be and the same hereby are forever barred and that William C. Wright be and he hereby is discharged from all liability in respect thereto * * *."
 
 
 15
 Appellant cites two cases in support of his contention in this respect. Khedivial Line, S. A. E. v. Seafarers' International Union, etc., 2 Cir., 278 F. 2d 49, and Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989. These cases hold that while an Admiralty Court has authority to grant equitable relief, it ordinarily is without power to issue an injunction. Even so, they certainly furnish no support for the contention that the decree is void because of the inclusion of these provisions. At most, their inclusion would be erroneous and the error cured by their deletion.
 
 
 16
 It may be noted that appellant is the only party complaining of these provisions, and evidently they were designed and incorporated in the decree for his protection. Appellees on brief state that they are willing that these two provisions be eliminated. Appellant argues that they are beyond the authority of the Court, from which we assume that he is in accord. Under such circumstances, we discern no reason why we should rule on the issue as to their validity when all question can be removed by their elimination.
 
 
 17
 The District Court is directed to modify the decree by the elimination of these two provisions and, as thus modified, the decree is
 
 
 18
 Affirmed.