**Frank N. RAWLINGS, Appellant,**

v.

**NATIONAL MOLASSES CO., a corporation, Orita Land & Cattle Corporation, a corporation, Heber Cattle Feeders, a corporation, and Allied Cattle Feeders, a corporation, Appellees.**

No. 21947.

United States Court of Appeals
Ninth Circuit.

May 14, 1968.

Collins Mason (argued), William R. Graham, of Mason & Graham, Los Angeles, Cal., for appellant.

William J. Wier, Jr. (argued), Arthur G. Connolly, Sr., Earl Christensen, of Connolly, Bove & Lodge, Wilmington, Del., Herman Selvin, Charles E. Jones, of Kaplan, Livingston, Goodwin, Berkowitz & Selvin, Beverly Hills, Cal., for appellees.

Before HAMLEY and CARTER, Circuit Judges, and SMITH, District Judge.*

SMITH, District Judge.

Plaintiff below, appeals from a judgment dismissing his action for patent infringement.

In April, 1965, when this action was commenced, plaintiff and Feed Service

---

* The Honorable Russell E. Smith, District Judge, District of Montana, sitting by designation.

Corporation (Feed Service) were the joint owners of a patent. Plaintiff believing that the patent had been infringed, sued the defendant, National Molasses Co., a corporation, and others. Feed Service, for business reasons of its own, would not join the action as a plaintiff and was made a party defendant.

Prior to April, 1966, Feed Service assigned to plaintiff all of its rights in the patent, and by a separate instrument plaintiff granted to Feed Service the following:

### "PATENT LICENSE GRANT

WHEREAS, the undersigned FRANK N. RAWLINGS, of Caldwell, Idaho, now owns the entire right, title and interest in and to the following United States Letters Patents and each thereof:

No. 2,748,001, dated May 29, 1956; and

No. 2,807,546, dated September 24, 1957; and

WHEREAS, FEED SERVICE CORPORATION, a Nebraska corporation, having its principal place of business in Crete, Nebraska, desires to acquire the hereinafter described nonexclusive license rights under said patents and each thereof;

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00), and other good and valuable consideration, receipt and adequacy of which are hereby acknowledged, the undersigned FRANK N. RAWLINGS does hereby grant and convey to said FEED SERVICE CORPORATION, an unlimited, royalty-free, non-exclusive, and non-cancellable right and license to make, use and sell the products and use the methods of said patents and each of them, and to sublicense others so to do. The right and license herein granted shall be effective until said letters patents and each of them shall expire.

IN WITNESS WHEREOF, the undersigned has executed this document at Caldwell, Idaho, this 27th day of December, 1965.

/s/ Frank N. Rawlings
FRANK N. RAWLINGS"

\* \* \*

In April, 1966, after these documents had been executed, plaintiff dismissed the action with prejudice as to Feed Service and filed an amended and supplemental complaint alleging that he was the sole owner of the patents. Feed Service is not now a party. Defendants moved to dismiss the action for the reason that Feed Service was an indispensable party. The district court granted the motion.

█ The absence of Feed Service as a party does not leave the defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations [1] because no matter what the outcome of this litigation there is no substantial risk of the defendants being troubled with actions brought by Feed Service. Feed Service has no capacity to sue strangers for infringement of the patent.

█ The common law and not the patent law gives an inventor the right to make, use and sell his invention. Patent law gives him the license to sue— the right to exclude others from using the invention. This monopoly right is the unique quality of the patent property right.[2] The owner of the patent may transfer rights in the invention short of the right to exclude others from its use, and may retain for himself that right and the incidental right to collect damages for infringement. No words in the "Patent License Grant" convey any monopoly rights. The word "non-exclusive" appearing in the "Patent License Grant" points in the opposite direction. The right to use a patented device, with

1. Fed.R.Civ.P. 19(a) (2) (ii).
2. 35 U.S.C. § 154, Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516 (1923); Six Wheel Corporation v. Sterling Motor Truck Co., 50 F.2d 568 (9 Cir. 1931).

or without an accounting[3] or the right to permit others to use it[4] does not imply as a matter of law the right to exclude others. The cited decisions make it quite clear that an owner of something less than monopoly rights may not sue for patent infringement. This result is reached, not as a matter of semantics, but as a matter of policy.[5]

 Defendants urge that since under 35 U.S.C. § 262 a joint owner of a patent may make, use and sell the invention without accounting to the other joint owner, Feed Service, which under the "Patent License Grant" may make, use, sell and license others to make, use and sell without accounting, is a joint owner and hence an indispensable party.[6] Since in the determination of problems relating to parties we are no longer concerned with "abstract classifications or obligations",[7] we simply say that if Feed Service is a joint tenant (which we doubt) it is a joint tenant of something less than the whole patent right (if there can be that kind of a joint tenancy); and that Feed Service did not receive a right to exclude third persons from the use of the invention and is not a potential litigant with the defendants.

Defendants make the further point that the arrangement between plaintiff and Feed Service was accomplished for the sole purpose of permitting plaintiff to bring this action without joining Feed Service as a party plaintiff or defendant. We assume that to be true. Defendants urge that the transaction was a sham. The documents were in fact executed and nothing in the record indicates that as between Feed Service and plaintiff they are either void or voidable. If not, then the purpose underlying their execution is of no concern to the defendants.

Defendants have moved to dismiss the appeal on the ground that there is no final judgment. We find this contention to be without merit and the motion is denied.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent herewith.

3. Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891); Independent Wireless Tel. Co. v. Radio Corporation of America, 269 U.S. 459, 466, 46 S.Ct. 166, 70 L.Ed. 357 (1926); Western Electric Co. v. Pacent Reproducer Corporation, 42 F.2d 116 (2 Cir. 1930) cert. den. 282 U.S. 873, 51 S.Ct. 78, 75 L.Ed. 771 (1930); Agrashell, Inc. v. Hammons Products Company, 352 F.2d 443 (8 Cir. 1965).

4. Six Wheel Corporation v. Sterling Motor Truck Co., supra, note 2.

5. See, Gayler v. Wilder, 51 U.S. (10 How.) 477, 13 L.Ed. 504 (1850); Crown Die & Tool Co. v. Nye Tool & Machine Works, supra, note 2.

6. The fallacy in the defendants' syllogism becomes apparent when it is translated into slightly more earthy terms. Thus: All judges have a right to use the lavatory in the court house. Bailiffs have a right to use the lavatory in the court house. Therefore, bailiffs are judges.

7. See Provident Tradesmens Bank and Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 n. 12 (1968).