472 F.Supp. 1241 (1979)
LEON INDUSTRIES, INC., Sigma Chemical Company, Plaintiffs,
v.
I. C. N. PHARMACEUTICALS, Defendant.
No. 78-895C(3).
United States District Court, E. D. Missouri, E. D.
July 19, 1979.
Henry D. Menghini, Evans & Dixon, St. Louis, Mo., for Leon Industries.
Edward M. Goldenhersh, Sidel, Sandweiss & Kaskowitz, St. Louis, Mo., for Sigma Chemical.
Michael D. O'Keefe, Thompson & Mitchell, St. Louis, Mo. (Local counsel), Thomas S. Kilbane, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court following a hearing held on July 16, 1979 upon the motion of plaintiff Leon Industries, Inc. and ICN Pharmaceuticals to enforce a settlement agreement allegedly entered into herein. From the evidence adduced at the hearing, the Court finds as follows:
On August 29, 1978, plaintiff Leon Industries, Inc. filed this suit, basing jurisdiction upon 28 U.S.C. § 1332, alleging that defendant ICN Pharmaceuticals had failed to pay for goods delivered. Accordingly, plaintiff Leon Industries, Inc. prayed for judgment in the sum of $40,488.80, together with interest and costs. On January 15, 1979, defendant ICN Pharmaceuticals, Inc. filed its answer and counterclaim. In its counterclaim, defendant alleged that it had ordered bovine gamma globulin from plaintiff Leon Industries, Inc. Instead defendant allegedly received human gamma globulin, although the same was erroneously labeled as bovine gamma globulin. Defendant had resold *1242 the same and had received demands for indemnification from its customer, Sigma Chemical Company. Accordingly, defendant sought judgment requiring plaintiff Leon Industries, Inc. to defend and indemnify defendant as to any and all claims asserted by Sigma Chemical Company, as well as compensatory and punitive damages. On January 31, 1979, this Court granted defendant's motion to join Sigma Chemical Company as a party plaintiff. Service was obtained on March 29, 1979. Defendant's counterclaim, however, was never amended to include a claim against Sigma. Counsel for Sigma, although advising counsel for defendant of this fact, indicated that he did not mind Sigma's presence in the lawsuit and that he had no complaint with the pleadings.
On May 2, 1979, counsel for all parties met and agreed to a settlement of this cause. Although it was clear that documents had to be drafted and executed in accordance with the settlement which had been reached, the settlement was not made contingent upon the execution of the documents. Subsequently, documents were prepared by the attorneys, and circulated for comments. Some minor changes in language were made. Prior to the signing of the documents, however, counsel for Sigma advised that Sigma would not agree to the settlement because a lawsuit had been filed in Louisiana in which the prayer for damages was far greater than had been contemplated by the parties at the time of the settlement conference.
This Court has inherent power to enforce a settlement agreement. Autera v. Robinson, 136 U.S.App.D.C. 216, 419 F.2d 1197 (1969). The Court has found that the parties in fact settled the dispute herein, and, once a settlement has been reached, the parties can not rescind the same. Kelly v. Greer, 365 F.2d 669 (3d. Cir. 1966); Cummins Diesel Michigan, Inc. v. The Falcon, 305 F.2d 721 (7th Cir. 1962).
Plaintiff Sigma Chemical Company contends that the settlement was contingent upon the execution of written agreements, and, since it repudiated the agreement prior thereto, there was no settlement. There is no requirement that the agreement be reduced to writing. Kukla v. National Distillers Products Company, 483 F.2d 619 (6th Cir. 1973). In order to determine whether the parties intended to be bound by the settlement prior to the execution of a written document, this Court must consider the course of negotiations, agreement on material terms, whether the parties described the settlement as such, and whether any existing disagreements were merely technicalities. Pyle v. Wolf Corporation, 354 F.Supp. 346 (D.Or.1972). Agreement was reached herein at a meeting on May 2, 1979, at which counsel for all parties had authority to negotiate a settlement. The parties agreed to the material terms of the settlement, and concluded the meeting with full agreement that a settlement had been reached. Only the technicalities of the language of the written documents remained. The changes made to the drafts which circulated among counsel following the May 2, 1979 meeting were minor. It is clear, therefore, that the parties considered the cause settled, and that settlement was not contingent upon a writing. Landau v. St. Louis Public Service Company, 364 Mo. 1134, 273 S.W.2d 255 (Mo. banc 1954), upon which counsel for Sigma relies, is not to the contrary.
Sigma has filed a motion to dismiss, contending that it was improperly joined as an involuntary plaintiff. Rule 19(a), Federal Rules of Civil Procedure, provides in relevant part:
If he [a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action] should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.
Sigma argues that it can not be joined as an involuntary plaintiff. See 7 Wright and Miller, Federal Practice and Procedure § 1606. Had Sigma asserted its refusal to join as plaintiff in timely fashion, this Court could have ordered joinder as a defendant, without defeating this Court's jurisdiction *1243 herein. See 6 Wright and Miller, Federal Practice and Procedure § 1436 at p. 191-92 in which it is stated:
In general, persons brought into an action under Rule 13(h) as parties to either a compulsory counterclaim under Rule 13(a) or a cross-claim under Rule 13(g) will come under the ancillary subject matter jurisdiction of the court . .. Thus, a party can be added for purposes of adjudicating those claims without regard to his citizenship or to whether the party is joined pursuant to Rule 19 or Rule 20, since his presence will not be deemed to destroy the Court's existing jurisdiction.
Moreover, this Court has serious doubts about the timeliness of this motion. See Rule 12(b), Federal Rules of Civil Procedure.
Accordingly, the motion to enforce settlement will be granted. The motion to dismiss will be denied.