Ann BACKERS, Plaintiff,

v.

BIT–SHE, Her Engines, Tackle, Etc. in rem, a sailing vessel, Charles Baker, Horizons Charter and Yachting Association, Inc., Apres Ski Club, Inc., and Ericson Yacht Company, Defendants.

APRES SKI CLUB, INC., as owner, pro hac vice of the yacht BIT–SHE, Plaintiff,

v.

Ann BACKERS, et al., Defendants.

Nos. C 80–1947 SAW, C 80–4241 SAW.

United States District Court, N.D. California.

Oct. 20, 1982.

Harvey I. Wittenberg, Gary A. Angel, San Francisco, Cal., for plaintiff.

Peter M. Stanwyck, Law Offices of Peter M. Stanwyck, Oakland, Cal., William H. King, Sedgewick, Detert, Moran & Arnold, Edward J. McFetridge, St. Clair, Zappettini, McFetridge & Griffin, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, Senior District Judge.

On May 19, 1980, plaintiff filed this action pursuant to federal maritime laws for personal injuries allegedly arising from a sailing accident. Defendants are Bit-She, *in rem,* the sailboat allegedly involved, Ericson Yacht Co., manufacturer of the sailboat, Apres Ski Club, Inc., Horizons Charter and Yachting Association, Inc. (hereinafter "Horizons"), owner of the sailboat, and Charles Baker (hereinafter "Baker"), an officer of Horizons. The parties entered into a settlement agreement and requested the Court to dismiss the action with prejudice. Accordingly, on March 25, 1982, the Court ordered dismissal of the action with prejudice as to all defendants. The order neither incorporated nor referred to the settlement agreement.

Plaintiff now moves to vacate that order and for enforcement of the settlement agreement, alleging that Horizons and Baker (hereinafter "defendants") refuse to pay their agreed upon share of the settlement.[1] Defendants move for an evidentiary hearing on plaintiff's motions, or, in the alternative, for rescission of the settlement agreement. They also assert that the Court lacks subject matter jurisdiction to enforce the settlement agreement. Because the Court

---

1. Plaintiff alleges that the settlement agreement provided for payment of a total of $70,-000.00, to be paid by defendants in the following respective amounts: Ericson Yacht Company, $30,000.00, Apres Ski Club, Inc., $15,000.00, and Horizons and Baker, $25,000.00.

does lack jurisdiction to enforce the settlement agreement, plaintiff's and defendants' motions must be denied.[2]

The Court of Appeals for the Ninth Circuit has not addressed the issue whether a trial court has subject matter jurisdiction over a motion to enforce a settlement agreement which terminated litigation before it. The Court of Appeals for the Fourth Circuit, however, faced this precise issue in *Fairfax Countywide Citizens Ass'n v. Fairfax County,* 571 F.2d 1299 (4th Cir. 1978), and held that the district court was not empowered to enforce a settlement agreement "unless the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction." *Id.* at 1303 (footnote omitted)

In the case at bar, the settlement agreement was not approved nor incorporated into any order nor, for that matter, even made a part of the record. Plaintiff does not assert other basis for federal jurisdiction. Therefore, under *Fairfax,* the Court lacks subject matter jurisdiction.

Plaintiff does cite a number of cases for the proposition that a trial court has the power to enforce a settlement agreement. But they involved settlement agreements incorporated into orders of the court, or were otherwise approved by the court, or contained an independent basis for federal jurisdiction. *See Meetings & Expositions, Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir. 1974) (settlement agreement ordered by court); *Kelly v. Greer,* 365 F.2d 669, 670–71 (3d Cir.1966) (settlement agreement made part of record); *Cummins Diesel Michigan, Inc. v. The Falcon,* 305 F.2d 721, 722–23 (7th Cir.1962) (court paid settlement out of funds in court registry); *Leon Industries v. I.C.N. Pharmaceuticals,* 472 F.Supp. 1241 (E.D.Mo.1979) (diversity jurisdiction existed); *see also Fairfax County, supra,* 571

F.2d at 1304–05 (criticizing *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1369 (6th Cir. 1976); *Sidewinder Marine, Inc. v. Nescher,* 440 F.Supp. 680, 682 (N.D.Cal. 1976) (relying on *Aro, supra*).

The motions made by plaintiff and defendants are denied for lack of subject matter jurisdiction and, accordingly,

IT IS HEREBY ORDERED that plaintiff's motions to vacate order of dismissal and for enforcement of settlement agreement are denied.

IT IS HEREBY FURTHER ORDERED that defendants' motions for evidentiary hearing or for rescission of settlement agreement are denied.

---

**2.** Plaintiff may, of course, file a motion pursuant to Fed.R.Civ.Pro. 60(b)(6) for relief from the Court's Order of March 25, 1982. *See Fairfax Countywide Citizens Ass'n v. Fairfax Coun-* ty, 571 F.2d 1299, 1302–03 (4th Cir.1978). Such a motion is not presently before the Court, however.