295 F.2d 18
 Jane G. KELLY
v.
Agnes J. Reeves GREER and Mellon National Bank and Trust Company, Agnes J. Reeves Greer, Appellant.
Jane G. KELLY
v.
Agnes J. Reeves GREER and Pittsburgh National Bank, Agnes J. Reeves Greer, Appellant.
 No. 13630.
 No. 13631.
 United States Court of Appeals Third Circuit.
 Argued September 19, 1961.
 Decided October 9, 1961.
 
 James R. Orr, Pittsburgh, Pa., Richard F. Stevens, Cleveland, Ohio (Ernest R. Dell, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Baker, Hostetler & Patterson, Cleveland, Ohio, on the brief), for appellant.
 Tibor Sallay, New York City (Robert E. Kline, Pittsburgh, Pa., on the brief), for appellee.
 Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 These are appeals from a district court order consolidating two suits brought by the plaintiff against the defendant. In each of the cases there is an additional defendant, a bank. The presence of these additional defendants, who are merely stakeholders, is immaterial for our purposes because the party in interest in each case is Agnes J. Reeves Greer. In both suits a daughter is suing her mother claiming, in the words of her counsel, the mother's "determination to destroy her daughter in one way or another."
 
 
 2
 One suit has to do with shares of a Canadian corporation known as the Union Gas Company of Canada, Ltd. The other concerns the Greer Steel Company, a West Virginia corporation, the stock of which is closely held within the Greer family in one way or another. The plaintiff has asked that the two suits be consolidated; the defendant vigorously opposes this consolidation and now appeals from the district court's direction that consolidation be effected.
 
 
 3
 These cases present three questions. The first is based upon the fact that the trial court never entered any formal order of consolidation. The last statement made by the trial judge at the end of the pretrial conference was: "The motion to consolidate will be granted. Where we go from there, I don't know."
 
 
 4
 It is pretty clear that a formal order is ordinarily necessary to complete the action which a judge takes in announcing his decision upon a given point. This becomes important in those cases where a question raised is whether an appeal is brought prematurely or is brought on time. See Healy v. Pennsylvania R.R. Co., 3 Cir., 1950, 181 F.2d 934; Green v. Reading Co., 3 Cir., 1950, 180 F.2d 149.
 
 
 5
 It would be unfortunate in these appeals if we had to send the cases back for the entry of a formal order by the trial judge. Both parties know exactly what his ruling was and know that he was prepared to bring the cases to trial if it had not been for these appeals. So we shall not stick in the bark because of the lack of a formal order under the circumstances in this particular litigation but will go ahead and consider the further points raised. It would be a most desirable practice, however, if the trial judge would enter a formal order of consolidation. The Court of Appeals would then know exactly what the ruling of the District Court was and when it was made.
 
 
 6
 The next question is whether an order of consolidation is appealable. The statute which gives United States Courts of Appeals jurisdiction to review the action of the district courts seems pretty clearly worded. 28 U.S.C. § 1291 says that "the courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *." Section 1292, not relevant here, lists instances in which an interlocutory appeal may be had in certain types of cases.
 
 
 7
 There has, however, been some incrustation upon this § 1291. In Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the Supreme Court held that the denial of a corporation's motion for security in a stockholders' derivative suit was appealable. In deciding the case the Court said:
 
 
 8
 "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction." Id. 337 U.S. at page 546, 69 S.Ct. at page 1225.
 
 
 9
 It is to be noted that this language is pretty carefully limited. The class is to be small and the rights are those too important to be denied review and independent of the cause itself. In Cohen it is very clear that if the claim for security was denied at the beginning of the action, a successful defendant might find itself without any way of recovering its costs.
 
 
 10
 But does this "small class" extend to orders for consolidation? Two circuits have said no; such an order is not appealable. Travelers Indem. Co. v. Miller Mfg. Co., 6 Cir., 1960, 276 F.2d 955; Skirvin v. Mesta, 10 Cir., 1944, 141 F.2d 668, 671-672. The Second and Eighth Circuits indicate that perhaps sometimes it may be. MacAlister v. Guterma, 2 Cir., 1958, 263 F.2d 65; Johnson v. Manhattan Ry., 2 Cir., 1932, 61 F.2d 934; Adler v. Seaman, 8 Cir., 1920, 266 F. 828, 840.[1]
 
 
 11
 This Circuit has been exceedingly conservative in adding to the incrustation upon the words of Section 1291. In Panichella v. Pennsylvania R. Co., 3 Cir., 1958, 252 F.2d 452, 454, we emphasized through Judge Hastie that "Section 1291 of Title 28 of the United States Code, limiting the normal jurisdiction of courts of appeal to the reviewing of final judgments, has jurisprudential significance beyond mere technicality. It is an authoritative application and implementation of a basic and persisting policy against piecemeal appeals." In Panichella, we adhered to this policy and vacated an order under Fed.R.Civ.P. 54(b), 28 U.S.C. making a summary judgment in favor of a third-party defendant against the original defendant an appealable final judgment, where the matter on appeal would become moot if, for any reason, the original plaintiff did not recover against the original defendant.
 
 
 12
 In this instance, however, we are not called upon to say whether the answer to the appealability of a consolidation order is "never" or "hardly ever"[2] because here the discretion of the trial judge was properly exercised.
 
 
 13
 The provision for consolidation of cases is found in Fed.R.Civ.P. 42. Its language is broad and because it is the very foundation of the question in these appeals we quote it in full even though the language is readily accessible in any book containing the rules.
 
 
 14
 "42. Consolidation; Separate Trials. (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
 
 
 15
 "(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."
 
 
 16
 The trial judge made his order for consolidation after a long and thorough discussion of the case by counsel for each side. Plaintiff's counsel pointed out his contention that the law and the evidence in each of the cases would be practically the same. He told the court he was going to endeavor to show a long, continued course of conduct on the part of the defendant to do the plaintiff harm. He says that the same circumstantial evidence which he proposes to bring to the trial will be applicable to both the cases. The judge made no ruling upon the admissibility of the proof which plaintiff's counsel said he was going to offer, that question being left to the trial of the case. The defendant contended below and contends here that the consolidation will cause confusion to a jury and may well create a misunderstanding of the defendant's position in each case. All this, of course, was considered by the trial judge who made the order following the plaintiff's motion to consolidate.
 
 
 17
 It is to be kept in mind that a consolidation order does not freeze the future conduct of the litigation. If certain issues come up which should be tried separately in order to avoid confusion on the part of the jury, such separate hearings can be ordered and held. See Rankin v. Shayne Bros., Inc., 1956, 98 U.S. App.D.C. 214, 234 F.2d 35, 39-40; Brush v. Harkins, D.C.W.D.Mo.1949, 9 F.R.D. 604; cf. Value Line Fund, Inc. v. Marcus, D.C.S.D.N.Y.1958, 161 F.Supp. 533. In other words, there is not at this point any final determination of a right separable from the main claims which the plaintiff asserts against the defendant.
 
 
 18
 The order of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 A similar question has been considered in the context of a petition for mandamus to compel the district court to separate previously consolidated actions. Compare Regec v. Thornton, 6 Cir., 1960, 275 F.2d 801 (mandamus proceeding cannot be used to test correctness of district judge's interlocutory order), with American Pac. Dairy Products, Inc. v. District Court of Guam, 9 Cir., 1955, 217 F.2d 589 (mandamus will not issue in the absence of affirmative showing of prejudice resulting from consolidation)
 
 
 [2]
 W. S. Gilbert, H.M.S. Pinafore, act i