Jane G. KELLY, Appellant,

v.

Agnes J. Reeves GREER and Mellon National Bank and Trust Company.

Jane G. KELLY, Appellant,

v.

Agnes J. Reeves GREER and Pittsburgh National Bank.

Nos. 14800, 14801.

United States Court of Appeals Third Circuit.

Argued June 19, 1964.

Decided July 20, 1964.

See, also, 3 Cir., 295 F.2d 18.

Henry W. Sawyer, III, Philadelphia, Pa. (Robert S. Ryan, Drinker Biddle & Reath, Philadelphia, Pa., on the brief), for appellant.

Gilbert J. Helwig, Pittsburgh, Pa. (G. Donald Gerlach, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Richard F. Stevens, Baker, Hostetler & Patterson, Cleveland, Ohio, on the brief), for appellee Greer.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Basing jurisdiction on diversity of citizenship and amount in controversy, the plaintiff filed two separate civil actions in the United States District Court for the Western District of Pennsylvania requesting an adjudication that certain shares of stock and proceeds from dividends held by two Pittsburgh banks for the benefit of the defendant were her property. Both answers of the individual defendant, Agnes J. Reeves Greer, contested the jurisdiction of the court over her person. However, since the property involved in the dispute was within the district, this defendant was served with process in accordance with the lien enforcement provision of the Judicial Code. 28 U.S.C. § 1655 (1958 ed.). We affirmed the order of the district court consolidating the two suits for trial. Kelly v. Greer, 295 F.2d 18 (C.A.3, 1961).

Following extensive pretrial proceedings, the parties informed the district court that a settlement appeared im-

minent. Accordingly, the trial judge continued the case from day to day in January 1963 in the hope that a settlement could be effected although the case had been called for trial. Finally, on January 22, 1963, the parties agreed to a plan of settlement. This plan embraced the settlement, not only of the original suits filed by the plaintiff, but of the underlying, bitter intra-family controversy which had given rise to several other suits between this plaintiff daughter and her defendant mother.

In order to accommodate the parties, the district judge remained in his chambers during the evening of January 22. About 10:00 P.M. that evening the plaintiff and counsel for both parties met in the chambers of the district judge and, in the presence of the court, read into the record the settlement agreement which had been reached. The particulars of this detailed compromise plan need not be recited here, but the concluding paragraph reads:

"XX. Prior to March 1, 1963, the attorneys for the parties will draw up the definitive agreement needed to carry out the above plan and will establish a calendar for the transfer of assets or delivery of documents or dismissals needed. It is intended that the details of this settlement will be carried out before May 1, 1963, except that all pending suits shall be dismissed with prejudice forthwith."

In accordance with the last quoted sentence, counsel for both sides then executed a stipulation for dismissal of both civil actions, and the district court ordered their dismissal with prejudice that very evening pursuant to the stipulation. Plaintiff later consented to the removal of the property involved in one of the suits from the Western District of Pennsylvania and dismissed various civil actions which she had filed in other parts of the country.

Subsequently, on March 11, 1963, plaintiff, alleging that defendant had refused to comply with the settlement, filed a motion to vacate the dismissal of the original suits, reinstate the cases to the active docket, and enforce the settlement agreement. The defendant answered, challenging the jurisdiction of the court over her person. The plaintiff thereupon withdrew her motion, and on April 5, 1963, filed an "Ancillary Complaint" seeking damages for the alleged breach by the defendant of the settlement agreement. A second "Ancillary Complaint" was filed on July 9, 1963, requesting a declaratory judgment that the settlement agreement constitutes a valid and enforceable contract between the parties. Following oral argument, the district court on October 17, 1963, granted the defendant's motions to dismiss the ancillary complaints and denied plaintiff's motion for summary judgment. The court ruled that:

"In these cases, the principal actions were settled and were dismissed by the court with prejudice to the plaintiff on the stipulation of the parties. No judgment was entered by the court in the principal actions and the property on which the court's jurisdiction was based is no longer within the control of the court. This court has no jurisdiction with respect to either of plaintiff's present actions." [1]

On November 13, 1963, a motion for rehearing was denied, as was a motion to vacate the original orders of dismissal. These appeals were taken from the orders of October 17 and November 13, 1963.

Of course the district court has jurisdiction to vacate its own orders of dismissal which were based upon the stipulation of the parties in reliance upon their settlement agreement. Rule 60 (b), Fed.R.Civ.P. However, the district court appears to have been of the view that the dismissal of the original actions with prejudice deprived it of jurisdiction to entertain the ancillary complaints seeking enforcement of the settlement agreement. But there can be no question of the power of a Federal district court to

---

[1]. The opinion of the district court has not been reported.

vacate its own orders entered in civil actions over which it had original jurisdiction "whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). And the defendant does not dispute the subject matter jurisdiction of the district court in the original actions, although she still questions the court's jurisdiction over her person despite the fact that she personally agreed to the settlement plan which was the basis for the dismissal of the suits.

We find it unnecessary to resolve this issue of personal jurisdiction because of the disposition we make of these appeals. For, in these circumstances, we shall vacate the orders of October 17 and November 13, 1963, and remand the cause to the district court with directions to vacate its orders dismissing the original actions and reinstate them to the status quo existing immediately prior to the entry of the orders of dismissal, i. e., following the reading into the record of the settlement agreement but prior to the orders dismissing the actions. Of course, this will require the defendant to return any property to the Western District of Pennsylvania which was the subject of the original actions and which has been removed from that district. The district court can then proceed to determine whether the defendant, in agreeing to the plan of settlement which was read into the record and using it as the *quid pro quo* for obtaining the dismissal of these and other civil actions, submitted to the jurisdiction of the district court over her person.[2]

The orders of the district court will be vacated and the cause remanded for further proceedings in conformity with this opinion.

---

2. The defendant has urged that the settlement agreement is merely an executory accord and satisfaction; that it is the plaintiff who has breached the agreement; and that the plaintiff in her ancillary complaint seeks relief which is beyond that embraced in the original suits. With regard to the latter contention, we are merely ordering the reinstatement of the original actions, although this shall include the status existing at the time the settlement agreement was read into the record. With respect to the first two arguments, these are matters for the determination of the district court following remand.