Jane G. KELLY

v.

**Agnes J. Reeves GREER and Mellon National Bank and Trust Company**

Jane G. Kelly, Individually and/or on Behalf of Her Children, Richard Greer Raese, John Reeves Raese, David Aubrey Raese and Jane Kelly, Appellants.

Jane G. KELLY

v.

**Agnes J. Reeves GREER and Pittsburgh National Bank.**

Nos. 15372, 15373.

United States Court of Appeals
Third Circuit.

Argued Dec. 10, 1965.

Reargued May 19, 1966.

Decided Sept. 7, 1966.

See also, D.C., 354 F.2d 209.

Henry W. Sawyer, III, Philadelphia, Pa. (Drinker, Biddle & Reath, Philadelphia, Pa., on the brief), for appellants.

Gilbert J. Helwig, Pittsburgh, Pa. (G. Donald Gerlach, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Richard F. Stevens, Baker, Hostetler & Patterson, Cleveland, Ohio, on the brief), for appellees.

Before STALEY, Chief Judge, and KALODNER and FORMAN, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

These are appeals from a Memorandum Order of the District Court for the Western District of Pennsylvania entered April 14, 1965 dismissing all pending motions in this action and requiring the parties to proceed to carry out the terms of a "Settlement Stipulation" in accordance with the District Court's instructions. The Order was a consequence of a Mandate sent down by this Court, following our Opinion in these proceedings, 334 F.2d 434 (1964), which vacated earlier Orders of the District Court and remanded the cause for further proceedings.

Plaintiff, Jane G. Kelly, complains that the Memorandum Order of the District Court is improper in that it deprives

her of her right to pursue her legal remedies. We find no merit in this contention.

For the purposes of this appeal, the history of this long, drawn-out litigation involving an intrafamily dispute between daughter, Jane G. Kelly, and mother, Agnes J. Reeves Greer, may be summarized as follows: In 1959 the present plaintiff brought an action in the Western District [1] against the present defendant and the Mellon National Bank and Trust Company seeking an adjudication regarding her rights in certain shares of stock of the Union Gas Company of Canada, Ltd. held by the Bank. In 1961 plaintiff brought a second action in the Western District against the defendant and the Pittsburgh National Bank to recover dividends deposited in the Pittsburgh Bank in defendant's name. Both of these suits were in rem actions, service of the defendant having been accomplished pursuant to 28 U.S.C.A. § 1655. In May 1961, the District Court consolidated the two actions, and this was upheld on appeal. Kelly v. Greer, 295 F.2d 18 (3 Cir. 1961).

There followed a period of extensive discovery and pretrial extending to January 1963. The parties then began negotiations to settle the litigation as well as all other existing disputes between them. From time to time, the District Court assisted in these negotiations. On January 22, 1963 the parties advised the District Court that a settlement had been reached and submitted a "Stipulation and Agreement" which provided for a general resolution of all disagreements between the parties and called for the dismissal of all actions then pending between plaintiff and defendant. The "Stipulation and Agreement" was then made part of the record. Pursuant to its terms, counsel executed a Stipulation for the dismissal of the civil actions in the Western District, and the District Court entered an Order dismissing the suits with prejudice on January 23, 1963.

Execution of the "Agreement" was to be carried out in accordance with paragraph XX which read:

"XX. Prior to March 1, 1963, the attorneys for the parties will draw up the definitive agreement needed to carry out the above plan and will establish a calendar for the transfer of assets or delivery of documents or dismissals needed. It is intended that the details of this settlement will be carried out before May 1, 1963, except that all pending suits shall be dismissed with prejudice forthwith."

Later, a dispute arose between the parties concerning compliance with the terms of the settlement agreement. On March 11, 1963 plaintiff filed a motion to vacate the dismissal Order and to compel performance of the "Settlement Stipulation." On April 5, 1963 this motion was withdrawn, and an ancillary complaint was filed seeking damages for alleged breach of the settlement agreement. On July 9, 1963 a second ancillary complaint was filed requesting a judgment declaring that the settlement agreement was valid and enforceable. Defendant moved to dismiss the complaints for lack of personal jurisdiction, and plaintiff moved for summary judgment on her second ancillary complaint. On October 17, 1963 the District Court dismissed the complaints for lack of jurisdiction. Thereafter, plaintiff moved to vacate the dismissal Order of January 23, 1963. The motion was denied on November 13, 1963 and plaintiff appealed.

In Kelly v. Greer, 334 F.2d 434 (3 Cir., 1964), we held that "the district court has jurisdiction to vacate its own orders of dismissal which were based upon the stipulation of the parties in reliance upon their settlement agreement." (334 F.2d at 436). We vacated "the orders of October 17 and November 13, 1963", and remanded "the cause to the district court with directions to vacate its orders dismissing the original actions

---

1. Plaintiff is a citizen of Florida and defendant is a citizen of West Virginia. Neither resides in the Western District but the property which is the subject of the suits is located there.

and reinstate them to the status quo existing immediately prior to the entry of the orders of dismissal, i. e., following the reading into the record of the settlement agreement but prior to the orders dismissing the actions." (334 F.2d at 437)

In accordance with the Mandate of this Court, an Order was entered by the District Court on September 23, 1964 vacating its Orders of October 17 and November 13, 1963 and setting a time for a hearing on all matters presently pending in the litigation; viz., the question of reinstating plaintiff's original actions, and the status of plaintiff's two ancillary complaints and the motion for summary judgment. Prior to that hearing, plaintiff filed two additional motions; one for the entry of a consent judgment, *nunc pro tunc*, and the other for injunctive relief pendente lite.

On December 17, 1964, a hearing was held at which time the District Court dismissed the petition for injunctive relief and reserved ruling on the other pending motions. Subsequent to this hearing plaintiff filed an amended motion for injunctive relief and a motion to calendar her ancillary complaints for jury trial. On April 14, 1965 the District Court entered the Memorandum Order under review. This Order stated that "the parties are bound by the terms of the settlement stipulation read into the record on January 22, 1963", and that "it is hereby ordered that the same be complied with." The District Court in the Order established a calendar to effectuate compliance.

■ Plaintiff has appealed from this Memorandum Order claiming that the District Court has selected her remedy for her. We do not agree. The Order is not an attempt to seek remedies for the parties involved in this litigation, but an exercise of the District Court's power to summarily enforce settlement agreements entered into with its approval. It is settled that the District Court acted within its powers.

In Cummins Diesel Michigan, Inc. v. The Falcon, 305 F.2d 721 (7 Cir. 1962), the Court stated:

"Federal and State Courts have held under a great variety of circumstances that a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court." (at 723)

In Main Line Theatres, Inc. v. Paramount Film Distributing Corporation, 298 F.2d 801 (3 Cir. 1962), cert. den. 370 U.S. 939, 82 S.Ct. 1585, 8 L.Ed.2d 807, Judge Hastie in discussing the effect to be given to a settlement agreement said:

"We are satisfied that the parties entered into a valid contract to settle, upon condition that the other suits also be settled. Thereafter, neither party was free to repudiate the agreement during the short period required to accomplish the settlement of the other suits." (at 804)

Similar expressions are to be found in the state courts. The Pennsylvania Supreme Court in reviewing a court's power over a settlement agreement in Melnick v. Binenstock, 318 Pa. 533, 179 A. 77 (1935) concluded that:

"Where the right of one of the parties to such an agreement compromising pending litigation is contested, the true interpretation of the agreement should be found by the court in which the litigation was pending or if in equity, within the terms of the decree entered in accordance with the compromise. * * * A compromise or settlement of litigation is always referable to the action or proceeding in the court where the compromise was effected; it is through that court the carrying out of the agreement should thereafter be controlled. Otherwise the compromise, instead of being an aid to litigation, would be only productive of litigation as a separate and additional impetus." (318 Pa. at 536, 179 A. at 78)

The District Court's Order is consistent with the above stated principle and with the Mandate of this Court. The litigation having been restored by our Mandate to a position where the "Stipulation and Agreement" had been read into the record but the suits not yet dismissed, the District Court quite properly ordered that both parties comply with it.

Finally, plaintiff's belief that the District Court's Order will deprive her of certain legal rights is without foundation. More particularly, plaintiff contends that the Memorandum Order prevents her from seeking damages she claims to have suffered by reason of alleged breaches of the "Stipulation and Agreement" by defendant following the dismissal of the suits on January 23, 1963.[2] The record of the December 17, 1964 hearing makes quite clear the District Court's readiness to hear the question of breach of the agreement. At that time, the trial judge said:

> " * * * I believe the Court of Appeals has recognized the fact that it is necessary to look into the question of who breached the agreement. I am perfectly willing to hear evidence, arguments or anything else on these points. * * * "
>
> *     *     *     *     *     *
>
> "Mr. Arkin: 'Will your Honor impanel a jury for the issues with respect to breach if that is determined?'
>
> "The Court: 'I would expect to do so if counsel requested it, probably an advisory jury.' "

We do not see how the Memorandum Order estops plaintiff from pursuing her remedies for breach of the settlement agreement and the granting of appropriate relief. See All States Investors, Inc. v. Bankers Bond Company, Inc., 343 F.2d 618, 624 (6 Cir. 1965), cert. den. 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74.

For the reasons stated, the Memorandum Order of the District Court will be affirmed without prejudice to the plaintiff to make subsequent application to the District Court for recompense for any damages she might have sustained as a result of any breach by defendant of the "Agreement".

---

**2.** Defendant, of course, vigorously denies any such breaches.