Rodger **REID, Individually, et al., Plaintiffs,**

v.

**Kenneth C. GRAYBEAL, Individually, and Donald L. Bryson, Individually, Defendants.**

No. CIV–75–1057–D.

United States District Court, W. D. Oklahoma.

Jan. 27, 1977.

---

8. The request for an injunction referred to in note 2, *supra,* may ultimately be directed to this end. It is not at all clear, however, that this is the case. UC has made no reference in its subsequent presentations to a desire either temporarily or permanently to obtain such a drastic injunction.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiffs have filed herein a Motion for Summary Judgment on Settlement Contract. The Motion is supported by a Brief, an Affidavit and certain documents.

Defendant Graybeal asserts that the alleged settlement agreement is not enforceable for several reasons including mutual mistake, waiver, any settlement was conditional without the condition being met and the same is not binding on Defendant Graybeal as he was not a party thereto and did not authorize the same. Defendant Graybeal also asserts that factual issues are involved in the matter and disposition by summary judgment is precluded. Defendant Graybeal's opposition to said Motion is supported by a Brief, an Affidavit and certain documents.

Defendant Bryson appears to request summary judgment against him on the basis of a settlement agreement in the amount of $60,000.00, the same to be a credit to Defendant Graybeal and that Defendant Bryson be dismissed herein with prejudice. Defendant Bryson's Response to Plaintiffs' Motion is supported by a Brief, an Affidavit and certain documents.

Obvious factual disputes regarding a settlement agreement are present as shown by the pleadings before the Court. This precludes disposition of the Motion by summary judgment. Rule 56(c), Federal Rules of Civil Procedure.

The cases indicate that in certain circumstances the Court may summarily enforce a compromise settlement agreement. This is so when the settlement agreement appears to be valid on its face and no legal defense to enforcement is present. But where factual issues are present which would constitute a defense to the purported compromise settlement agreement, plenary proceedings should be conducted to consider evidence in regard to the validity of the purported and disputed compromise settlement agreement. *Autera v. Robinson,* 136 U.S.App.D.C. 216, 419 F.2d 1197 (1969);

E. W. Keller, Paul F. Fernald, Oklahoma City, Okl., for plaintiffs.

John W. Raley, Jr., Ponca City, Okl., Michael C. Stewart, Earl D. Mills, David W. Edmonds, Oklahoma City, Okl., for defendants.

*Pearson v. Ecological Science Corp.,* 522 F.2d 171 (Fifth Cir. 1975), and see footnote 5 at page 176. The case of *Autera v. Robinson, supra,* indicates that the Motion now before the Court should be considered as a Motion to Enforce Settlement Agreement. Courts have held that a trial Court has authority to enforce on Motion a settlement agreement covering the primary litigation. *Autera v. Robinson, supra; Kelly v. Greer,* 365 F.2d 669 (Third Cir. 1966); *Boyd v. Larco Industrial Painting Corporation,* 356 F.Supp. 917 (W.D.Ark.1973).

In the circumstances of this case regarding Plaintiffs' Motion now under consideration and the Responses thereto, the Court will treat Plaintiffs' Motion for Summary Judgment as a Motion to Enforce Settlement Agreement and determines that a plenary hearing should be conducted. As the present attorneys in the case will obviously be witnesses at such plenary hearing all parties are directed to engage additional counsel for the purposes of this plenary hearing. Disciplinary Rule 5–101, Code of Professional Responsibility of the American Bar Association; 5 Oklahoma Statutes 1971, Chapter 1, Appendix 3. Such additional counsel will enter their appearances herein without delay and when all have done so the Court will set the case for such plenary hearing.