**DALE M. GILMARTIN**, Plaintiff–Appellee, v. **PAZ F. ABASTILLAS**, Defendant–Appellant

NO. 16078

(CIV. NO. 90–0294–01)

MARCH 14, 1994

BURNS, C.J., HEEN, AND WATANABE, JJ.

## OPINION OF THE COURT BY WATANABE, J.

The primary issue in this appeal is whether the trial court had jurisdiction to enforce a settlement agreement entered into by parties to a lawsuit, after that lawsuit had been unconditionally dismissed with prejudice by stipulation of the parties. We conclude that because Plaintiff had neither obtained a vacatur of the dismissal, nor filed a new lawsuit to enforce the settlement agreement, the trial court lacked jurisdiction to enter any orders enforcing the settlement agreement. We also conclude that if Plaintiff had obtained a vacatur of the dismissal, the trial court would have had jurisdiction to enforce the settlement agreement, but only after conducting an evidentiary hearing.

## BACKGROUND

Defendant–Appellant Dr. Paz F. Abastillas (Defendant) owned a condominium unit which she rented to Plaintiff–Appellee Dale M. Gilmartin (Plaintiff) under a month–to–month lease. On or about May 25, 1989, Defendant and Plaintiff entered into an Option Agreement, whereby, for the price of $1,000, Defendant gave Plaintiff an option to purchase the condominium unit for $75,000, with a $15,000 down payment. When Plaintiff sought to exercise her option under the agreement, however, Defendant refused to sell the condominium unit. Plaintiff thereafter filed a lawsuit against Defendant for specific performance. Plaintiff also filed a notice of *lis pendens* with the Hawai'i Bureau of Conveyances. On the morning of June 5, 1991, just before trial was to commence, the trial court ruled in favor of Plaintiff on several motions in limine. Later that same morning, both parties, through their attorneys,

negotiated a settlement agreement, and apparently read the settlement terms into the record.[1]

Sometime in July of 1991, the parties executed a written "Release and Settlement Agreement" (Settlement Agreement), which spelled out in detail the settlement terms previously negotiated by the parties. The Settlement Agreement was neither approved by the trial court, nor incorporated into the order of dismissal.

On September 26, 1991, in accordance with the Settlement Agreement, a written "Stipulation to Dismiss All Claims with Prejudice and Cancellation of Notice of Pendency of Action" (Stipulated Dismissal), approved and ordered by the trial judge, was filed with the First Circuit Court.

Unfortunately, major snags developed between the parties regarding the Settlement Agreement. Defendant refused to sign any papers until Plaintiff paid her for

---

[1] According to the court's minute order, the terms of the settlement were as follows:

THAT PTYS AGREED TO DISMISS ACTION WITH PREJUDICE WITH MUTUAL RELEASES FOR ALL CLAIMS. THAT DFT AGREES TO ALSO DISMISS PTF IN CASE OF STANDARD MANAGEMENT VS. KEKONA. THAT PTF TO PURCHASE APT #212 & DFT TO SELL FOR $75,000 CASH AND SALE PUT INTO ESCROW & PROCEEDS USED AS CASH SALE FOR CONDO. THAT PTF TO OBTAIN MORTAGE [SIC] TO FINANCE TRANSACTION. THAT PTF TO PAY DFT $1,200 FOR 17 MO BACK RENT AT $665 MO WHICH WAS DEPOSITED W/COURT. CT TO ORDER CLERK TO RELEASE THOSE MONIES ($12,000 PLUS INTEREST) TO PTF'S LAW FIRM. DFT TO PAY PTF $36,000 ATTYS FEES. DFT TO NET $51,200 W/REMAINING MONIES TO PTF FOR ATTYS FEES. EACH PTY TO PAY OWN ESCROW & CLOSING COSTS & ADDITIONAL FEES. DFT TO PAY ANY PAST DUE MAINTENANCE FEES. COURT WILL APPROVE SETTLEMENT AND PTF'S COUNSEL TO PREPARE DOCUMENTS.

Minute Order, June 5, 1991 at 10:40 a.m.

unpaid rent, interest, and maintenance fees. In an effort to close the deal, Plaintiff proposed that the parties set aside a sum of money in a separate escrow account to cover the disputed sum. Defendant agreed to the proposal, $1,335 was subsequently set aside, and the sale of the condominium unit was finally closed.

Both sides, however, continued to disagree on who was as entitled to the $1,335. On March 13, 1992, almost six months after the parties had filed the Stipulated Dismissal, Plaintiff filed a motion with the trial court seeking the award to her of the remaining escrowed funds plus attorneys' fees and costs. The trial court summarily granted Plaintiff's motion on April 9, 1992, prompting this appeal.

Defendant raises four arguments in support of her appeal. First, Defendant argues that the trial court lacked jurisdiction to enter the order releasing the escrowed funds to Plaintiff and awarding to Plaintiff attorneys' fees and costs. Second, Defendant asserts that she was entitled to a separate trial, or at least an evidentiary hearing, on the question of entitlement to the disputed escrowed funds. Third, Defendant claims that Plaintiff's dilatory conduct estops her from complaining. Finally, Defendant maintains that on the merits, she, not Plaintiff, should have been awarded the remaining escrowed funds.

## DISCUSSION

### I.

### *Jurisdiction*

The Stipulated Dismissal imposed no conditions on the dismissal of the lawsuit. The Stipulated Dismissal provided only that:

Pursuant to Rule 41(a)(2) of the Hawai['] Rules of Civil Procedure,[2] Plaintiff DALE M. GILMARTIN ("Gilmartin") hereby dismisses her claims against Defendant PAZ F. ABASTILLAS ("Abastillas") with prejudice. Furthermore, Abastillas dismisses her counterclaim against Gilmartin with prejudice. There are no remaining parties and/or issues.

Notice of the pendency of this action, recorded on February 3, 1990, at the Bureau of Conveyances of the State of Hawai['i as Document No. 90–016115, is released.

Record on Appeal (R.A.), vol. 5 at 237–38 (footnote added).

A dismissal of a lawsuit with prejudice is generally regarded as an adjudication on the merits of all issues that were raised or could have been raised in the pleadings, thus barring, on *res judicata* grounds, any subsequent litigation involving the same claims, ***Land v. Highway***

---

[2] Rule 41(a)(2) of the Hawai'i Rules of Civil Procedure (HRCP), which is identical to Rule 41(a)(2) of the Federal Rules of Civil Procedure (FRCP), provides as follows:

**Rule 41. DISMISSAL OF ACTIONS.**
**(a) Voluntary Dismissal: Effect Thereof.**

\* \* \*

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

*Constr. Co.*, 64 Haw. 545, 551, 645 P.2d 295, 299, *recon. denied*, 64 Haw. 688 (1982), and terminating the trial court's jurisdiction over the lawsuit. *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 995 (6th Cir. 1987); *McCall–Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985).

When an action is dismissed with prejudice as part of a settlement agreement which is subsequently breached, the trial court thereafter has no jurisdiction to enforce the settlement agreement unless a party to the agreement takes one of two courses of action.

First, an independent action may be brought for specific performance of the settlement agreement. *Hinsdale*, 823 F.2d at 996; *Musifilm, B.V. v. Spector*, 568 F. Supp. 578, 581 (S.D.N.Y. 1983); *Brigando v. Republic Steel Corp.*, 180 Ill. App. 3d 1016, 1021–22, 536 N.E.2d 778, 782, n.1, *cert. denied*, 127 Ill. 2d 612, 545 N.E.2d 105 (1989).

Second, a motion to vacate the dismissal order and reopen the original proceedings may be filed.[3] Unless the vacatur is first granted, however, no jurisdiction would

---

[3] The authority for filing a motion to vacate an order of dismissal is HRCP Rule 60(b)(6), which provides, in pertinent part:

**RULE 60. RELIEF FROM JUDGMENT OR ORDER.**

\* \* \*

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time[.]

exist in the court to enter any remedial orders in the case. *Hinsdale*, 823 F.2d at 996; *McCall–Bey*, 777 F.2d at 1186; *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir. 1982); *Kelly v. Greer*, 334 F.2d 434, 436–37 (3d Cir. 1964).

In *Hinsdale, supra*, for example, the parties to a lawsuit signed an unconditional stipulation of dismissal with prejudice, even though the formal settlement documents had yet to be drafted and signed. The trial judge then entered an order dismissing the case with prejudice. After one defendant claimed that she had not agreed to settle the case on the terms urged, the district court ordered specific performance of the settlement agreement, and appeal was taken.

The Sixth Circuit Court of Appeals held that the district court lacked jurisdiction to enter the order:

> This unconditional dismissal with prejudice terminated the district court's "jurisdiction except for the limited purposes of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)" of the Federal Rules of Civil Procedure. *McCall–Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985). Thus, the parties were in a position to seek enforcement of the settlement agreement only by means of an independent action for specific performance or by means of a Rule 60(b) motion *to vacate the prior order of dismissal* for the purpose of enforcing the agreement.
>
> * * *
>
> Because the prior unconditional dismissal was not vacated nor the proceedings reopened, the district court was without jurisdiction to enforce the settlement agreement.

823 F.2d at 995–96 (emphasis in original, footnote omitted).

Similarly, in *Kelly, supra,* the parties informed the district court shortly before trial that a settlement of two lawsuits appeared imminent. When an agreement was reached, both parties met with the trial judge and read the settlement agreement into the record. In accordance with the agreement, both parties then executed a stipulation for dismissal of both lawsuits, and the district court dismissed the lawsuits with prejudice pursuant to the stipulation. Subsequently, the plaintiff, alleging that the defendant had refused to comply with the settlement, filed a motion to vacate the dismissal of the original suits, reinstate the cases to the active docket, and enforce the settlement agreement. The district court held, however, that it no longer had jurisdiction to entertain the ancillary complaint to enforce the settlement agreement between the parties, since the original actions had been dismissed with prejudice.

On appeal, the Third Circuit Court of Appeals, disagreed, stating:

> Of course the district court has jurisdiction to vacate its own orders of dismissal which were based upon the stipulation of the parties in reliance upon their settlement agreement. Rule 60(b), Fed. R. Civ. P. . . . [T]here can be no question of the power of a Federal district court to vacate its own orders entered in civil actions over which it had original jurisdiction "whenever such action is appropriate to accomplish justice."

334 F.2d at 436–37 (citation omitted).

In the instant case, Plaintiff and Defendant voluntarily entered into the Settlement Agreement. Pursuant

to the Settlement Agreement, they signed an uncondi-
tional stipulation to dismiss all claims and counterclaims
with prejudice, which was approved and so ordered by the
trial judge. The order of dismissal did not incorporate or
even refer to the settlement terms. Subsequently, when
the parties could not resolve all of their differences with
respect to the terms of the Settlement Agreement, Plain-
tiff filed a Motion to Release Escrowed Funds and for
Attorneys' Fees and Costs, with the original trial court,
without first obtaining a vacatur of the stipulated dis-
missal.

Based on the foregoing authorities, we conclude that
the trial court was without jurisdiction to enter the order
awarding Plaintiff the $1,335 escrowed funds and attor-
neys' fees and costs.

Plaintiff points out that when she and Defendant
originally agreed to set aside the $1,335 in a separate
escrow account, they both signed a letter to the escrow
company which contained the following instruction:

> The parties further agree that the dispute
> regarding the above–mentioned amounts shall
> be adjudicated by the Honorable [trial judge] or
> any court of competent jurisdiction over Civil
> No. 90–0294–01, *Dale M. Gilmartin v. Paz F.*
> *Abastillas*.

R.A., vol. 5 at 321.

However, it is well–settled that subject–matter juris-
diction cannot be conferred upon a court by agreement,
*O'Daniel v. Inter–Island Resorts, Ltd.*, 46 Haw. 197,
377 P.2d 609 (1962), stipulation, *Wong Kwai Tong v.*
*Choy Yin*, 31 Haw. 603 (1930), or consent of the parties,
*Kapi'olani Estate Ltd. v. Peck & Co.*, 14 Haw. 580
(1903). Therefore, the supplemental escrow instructions

did not confer jurisdiction on the trial court to enter the order.

## II.

### *Vacatur*

In the event that Plaintiff should file a motion to vacate the Stipulated Dismissal in this case, two issues may arise if vacatur is granted: (1) the scope of the trial court's authority to enforce the Settlement Agreement; and (2) the procedural requirements for conducting the enforcement proceedings.

### A.

There is a considerable split in authority as to whether a trial court which vacates a previously entered dismissal with prejudice retains authority to enforce the settlement agreement underlying the dismissal.

According to some jurisdictions, the original court has no jurisdiction to enforce the settlement agreement unless the terms of the agreement have been approved and incorporated into the order of dismissal.[4] *Fairfax Countywide Citizens Ass'n v. County of Fairfax,*

---

[4] We note, however, that most of these cases arise in the federal system, where courts have limited, rather than general, jurisdiction. That is, unlike most state courts, which are courts of general jurisdiction and presumed to have jurisdiction over a particular controversy unless a contrary showing is made, federal courts "are empowered to hear only such cases as are within the judicial power of the United States, as defined in the Constitution, and have been entrusted to them by a jurisdictional grant by Congress." C. WRIGHT, HANDBOOK OF THE LAW OF FEDERAL COURTS § 7, at 15 (2d ed. 1970).

Recognizing the limits of a federal district court's authority, the Fourth Circuit Court of Appeals noted in *Fairfax Countywide*

571 F.2d 1299, 1303 (4th Cir. 1978), *cert. denied*, 439 U.S. 1047, 99 S. Ct. 722, 58 L. Ed. 2d 706 (1978); *United Steelworkers v. Libby, McNeill & Libby, Inc.*, 895 F.2d 421, 423 (7th Cir. 1990); *Backers v. Bit-She*, 549 F. Supp. 388, 389 (N.D. Cal. 1982); *Petition of Telesystems Corp.*, 148 Vt. 411, 413, 535 A.2d 1277, 1279 (1987). *See also* 5 J. MOORE, J. LUCAS & J. WICKER, MOORE'S FEDERAL PRACTICE, ¶ 41.05[2], at 41–73 (2d ed. 1993).

Other jurisdictions hold that after a lawsuit has been unconditionally dismissed with prejudice, a trial court retains inherent jurisdiction to enforce the settlement agreement, following the vacatur of the dismissal. *Hinsdale*, 823 F.2d at 996; *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976), *cert. denied*, 429 U.S. 862, 97 S. Ct. 165, 50 L. Ed. 2d 140 (1976); *Kelly*, 334 F.2d at 436–37; *Melnick v. Binenstock*, 318 Pa. 533, 179 A. 77 (1935). The court in *Melnick*, for example, reasoned that:

> A party seeking to enforce an agreement compromising pending litigation is not at liberty to institute in any court any action he sees fit; especially is this true as here, where the agreement has been in part performed. A compromise or settlement of litigation is always referable to the action or proceeding in the court where the compromise was effected; it is through that court the carrying out of the agreement should thereafter be controlled.

---

*Citizens Ass'n v. County of Fairfax*, 571 F.2d 1299, 1303 (4th Cir.1978), that if the settlement agreement had been negotiated by the parties prior to litigation, the federal district court would not have had jurisdiction to hear a case brought for breach of the agreement since "neither federal question nor diversity jurisdiction" was present.

> Otherwise the compromise, instead of being an aid to litigation, would be only productive of litigation as a separate and additional impetus.

*Id.* at 534, 179 A. at 78.

Still other jurisdictions reject the notion that a trial judge has inherent power to enforce settlement agreements arising out of lawsuits previously before them. According to these jurisdictions, unless the trial judge has deliberately retained jurisdiction to enforce the agreement, the trial judge's authority even if he vacates the order of dismissal, is simply to restore the lawsuit to the trial calendar. *See, e.g., McCall–Bey,* 777 F.2d at 1188–89.

We believe that, generally, the interests of judicial economy would be better served if the original trial judge, who is already familiar with the facts of the case, were allowed to resolve any controversies arising out of a settlement agreement negotiated by the parties. Of course, if a motion to vacate a prior dismissal and enforce a settlement agreement is brought years after the original action was terminated, or the dispute regarding the agreement is totally separate and distinct from the dispute underlying the original action, a trial court could, in the exercise of its discretion under HRCP Rule 60(b), decline to vacate the prior dismissal.

Accordingly, we hold that if a trial court vacates a prior dismissal order, it has inherent authority to enforce the terms of a valid underlying settlement agreement, as long as the court would have had jurisdiction to enforce the agreement in an original cause of action. We thus decline to adopt a requirement that a settlement agreement be approved and incorporated into the order of dismissal, in order for the court to enforce the agreement.

## B.

Defendant argues that the dispute over the remaining escrowed funds should be resolved by the trial court in a proof hearing. Based on our review of the record in this case, we agree.

A motion to enforce a disputed settlement agreement is treated as a motion for summary judgment. *Miller v. Manuel*, 9 Haw. App. 56, 64, 828 P.2d 286, 292 (1991), *cert. denied*, 72 Haw. 618, 841 P.2d 1075 (1992). A motion for summary judgment should not be granted where there is a factual question as to the existence, validity, and terms of the alleged settlement agreement, and where such a dispute exists, a trial or an evidentiary hearing to resolve the dispute is required. *Id.* at 64–65, 828 P.2d at 292. In the instant case, the record indicates sufficient evidence of factual disputes to warrant an evidentiary hearing.

## CONCLUSION

In summary, we conclude that the trial court lacked jurisdiction to enter the April 9, 1992 Order Granting Plaintiff Dale M. Gilmartin's Motion to Release Escrowed Funds and for Attorneys' Fees and Costs, from which this appeal was taken. Since the trial court had no jurisdiction to enter the order, we have no jurisdiction to consider the merits of this appeal. *Korean Buddhist Dae Won Sa Temple v. Zoning Board*, 9 Haw. App. 298, 300, 837 P.2d 311, 312, *recon. denied*, 9 Haw. App. 296, 833 P.2d 98, *cert. granted*, 73 Haw. 626, 834 P.2d 1315, *then dismissed*, 843 P.2d 144 (1992).

Accordingly, we vacate the trial court's order and dismiss the appeal.

*Robert A. Smith* on the brief for defendant–appellant.

*Jeffrey S. Portnoy* (Cades Schutte Fleming & Wright, of counsel) on the brief for plaintiff–appellee.