GAIL FUKUMOTO, SUCCESSOR TRUSTEE OF THE THELMA C. ONOGI REVOCABLE LIVING TRUST, Plaintiff-Appellee,
v.
WAYNE ONOGI, Defendant-Appellant
No. 28561.
Intermediate Court of Appeals of Hawaii.
February 26, 2009.
On the briefs:
John R. Remis, Jr., for Defendant-Appellant.
Clay W. Valverde, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA, and LEONARD, JJ.
Defendant-Appellant Wayne Onogi (Onogi) appeals from the Judgment for Possession entered on April 26, 2007, by the District Court of the First Circuit, Honolulu Division, (district court) in favor of Plaintiff-Appellee Gail Fukumoto, Successor Trustee of the Thelma C. Onogi Revocable Living Trust (Plaintiff).[1]
On appeal, Onogi argues that the district court erred in: 1) denying his "motion to dismiss" for insufficiency of evidence regarding Plaintiff's title to the property; and 2) failing to direct that Gail Fukumoto (Fukumoto), in her individual capacity, be added as a necessary party plaintiff.
We do not reach either of these arguments. We conclude, as a threshold matter, that we lack jurisdiction to decide this appeal because the district court lacked subject-matter jurisdiction over Plaintiff's ejectment action. Thus, we remand the case with directions that the district court dismiss the ejectment action for lack of subject-matter jurisdiction.

I.
Onogi is the son and Fukumoto is the eldest daughter of Thelma C. Onogi (Thelma). On August 9, 1990, Thelma created the "Thelma C. Onogi Revocable Living Trust" (Original Trust), which, among other things, provided that upon Thelma's death, a parcel of real property located in Honolulu (subject property) would be conveyed to Onogi. On August 29, 2005, Thelma executed the "First Amendment to Trust Agreement" (Trust Amendment), which changed the beneficiary to whom the subject property would be conveyed from Onogi to Fukumoto.
After Thelma's death on September 5, 2006, Fukumoto, as successor trustee, sought to remove Onogi from a residence on the subject property, which Onogi had been occupying since 1995. When Onogi refused to leave, Fukumoto filed a complaint for ejectment in district court on March 5, 2007, seeking to recover possession of the subject property, reasonable unpaid rent, and compensation for damages to the premises.
On April 18, 2007, Onogi filed a motion to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to HRS §§ 604-5(d) (Supp. 2008) and 604-6 (1993), because title to the subject property was in question. Attached to the motion was a copy of a petition to invalidate the Trust Amendment (Petition) that Onogi filed on April 13, 2007, in the Circuit Court of the First Circuit (circuit court). The motion to dismiss also included a declaration of Onogi's attorney, signed under penalty of law, which authenticated the Petition and incorporated the Petition in the motion to dismiss.
Onogi signed the Petition with the verification required by Hawai'i Probate Rules (HPR) Rule 5(a).[2] The Petition alleged that the Trust Amendment should be invalidated because Fukumoto and her daughter, Wendy Ishikawa (Wendy), exerted undue influence over Thelma in inducing Thema to sign the Trust Amendment. The Petition alleged, among other things, that:
46. At the time Thelma C. Onogi made the [Trust Amendment] . . ., she was acting under the undue and wrongful influence of Wendy and/or [Fukumoto], and but for such undue influence and breach of fiduciary relationship, all evidence suggests that this [Trust Amendment] . . . would never have been made. The [Trust Amendment] . . . [was] made because, at the time of [its] execution, Thelma C. Onogi was enfeebled, in failing health and dependant upon Wendy's good will and care after Wendy removed her from the care home in June 2005. In a short time span of a few months, Wendy and/or [Fukumoto] had assumed virtually complete control over Thelma C. Onogi, and had exercised that control in conjunction with her failing health to dominate and destroy her strength of will. Wendy and/or [Fukumoto] were disposed not only to exercising their position of confidence and strength over Thelma C. Onogi's will to destroy Wayne[] [Onogi's] image in his mother's eyes and his status as the prime beneficiary of the [O]riginal Trust, but also to obtain all of Thelma C. Onogi's accumulated wealth. Wendy and/or Gail accomplished this scheme and result through actual fraud, coercion, breach of fiduciary duty and the assertion of greed to overcome Thelma C. Onogi's diminishing ability to resist and assert her own will.
On April 24, 2007, the district court held a hearing on Onogi's motion to dismiss for lack of subject-matter jurisdiction. The district court denied the motion, ruling that title over the subject property was not in question because the Trust Amendment gave title to Plaintiff and there was "no competing title document at this point." The parties proceeded to trial on Plaintiff's ejectment claim, with the Original Trust, Trust Amendment, and the Petition admitted in evidence. At the close of the evidence, the district court ruled that Plaintiff had established her entitlement to the subject property and granted judgment for possession in favor of Plaintiff.

II.
"[A] ppellate courts have an independent obligation to insure they have jurisdiction to hear and determine each case." In re Doe, 102 Hawai'i 246, 249, 74 P.3d 998, 1001 (2003); see Casuga v. Blanco, 99 Hawai'i 44, 49, 52 P. 3d 298, 303 (App. 2002) (examining sua sponte whether trial court lacked jurisdiction). Our review of the record convinces us that the district court was divested of jurisdiction because Onogi, in connection with his motion to dismiss for lack of subject-matter jurisdiction, asserted a defense which placed title to the subject property in question. Accordingly, we, in turn, lack jurisdiction to consider the merits of this appeal. Gilmartin v. Abastillas, 10 Haw. App. 283, 296, 869 P.2d 1346, 1352 (1994) (holding that appellate court lacked jurisdiction because the trial court lacked jurisdiction).
HRS § 604-5 (Supp. 2008) sets forth the jurisdiction of the district court over civil actions. HRS § 604-5(d) imposes limits on the district court's jurisdiction, including that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]" With respect to ejectment proceedings, HRS § 604-6 similarly provides that "[n]othing in [HRS] section 604-5 shall preclude a district court from taking jurisdiction in ejectment proceedings where the title to real estate does not come in question at the trial of the action."
The Hawai'i District Court Rules of Civil Procedure (HDCRCP) Rule 12.1 establishes procedures for asserting a defense of lack of jurisdiction on the ground that title to real estate has come in question:
Pleadings. Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.
(Emphasis added.)
Here, Onogi filed a motion to dismiss, which included a declaration of his counsel that authenticated the Petition and incorporated it into the motion.[3] The Petition, which was also admitted at trial, alleged that the Trust Amendment was invalid because it was procured by undue influence, fraud, and breach of fiduciary duty. If Onogi is successful in invalidating the Trust Amendment, he apparently would have title to the subject property pursuant to the Original Trust.
We conclude that Onogi's submissions satisfied DCRCP Rule 12.1 and that he raised a defense to Plaintiff's ejectment action which placed title to the subject property in question. Accordingly, the district court was divested of jurisdiction over Plaintiff's ejectment action. See Monette v. Benjamin, 52 Haw. 246, 248-49, 473 P.2d 864, 865-66 (1970) (holding that an affidavit establishing that defendant claimed an undivided one-sixth interest in the property in question through intestate succession was sufficient to divest the district court of jurisdiction over a summary possession action); Queen Emma Foundation v. Tingco, 74 Haw. 294, 300-06, 845 P.2d 1186, 1189-92 (1992) (holding that the district court did not have jurisdiction over summary possession actions involving long-term residential ground leases); Hargrove v. Cox, 104 S.E. 757, 758-59 (N.C. 1920) (holding that defendant's claim to title, which was contingent on invalidating a conveyance made by the former landlord shortly before his death, was sufficient to divest a justice of the peace of jurisdiction, where justices of the peace lacked jurisdiction over cases in which title to real estate is in controversy); cf. Pierce v. Francis, 194 P.3d 505, 509-11 (Colo. Ct. App. 2008) (holding that two notices of lis pendens on property were not spurious where they were based on daughter's claim to title that was contingent on her invalidating father's will and acquiring an interest in the property through intestate succession).

III.
We vacate the Judgment for Possession entered on April 26, 2007, by the district court, and we remand this case to the district court with instructions to dismiss the ejectment action for lack of jurisdiction.
NOTES
[1] The Honorable Hilary Gangnes presided over the proceedings relevant to this appeal.
[2] HPR Rule 5(a) provides in relevant part:

(a) Verification of Pleadings; Affidavits. All pleadings (other than those signed by a party's attorney) shall include a statement at the end and before the signature of the person presenting the pleading to the effect that the person understands that the document is deemed to include an oath, affirmation, or statement to the effect that its representations are true as far as the person executing or filing it knows or is informed, and that penalties for perjury may follow deliberate falsification. Such a statement shall be accepted in lieu of an affidavit as to the facts stated in the pleading.
(Emphasis added.)
[3] Rule 7(g) of the Rules of the District Courts of the State of Hawai'i permits an unsworn declaration that is subscribed to be true under penalty of law to be submitted in lieu of an affidavit.